IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware,<br><br>*Petitioner*,<br><br>v.<br><br>CABELA'S INC., BPS DIRECT, LLC (d/b/a BASS PRO SHOPS), GREAT OUTDOORS GROUP, LLC, and GREAT AMERICAN OUTDOORS GROUP, LLC,<br><br>*Respondents.* | C.A. No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Respondents Cabela's, LLC (f/k/a/ Cabela's, Inc.), BPS Direct, LLC, Great Outdoors Group, LLC, and Great American Outdoors Group, LLC (collectively, "Respondents"), by and through their attorneys, hereby remove this action, pursuant to 28 U.S.C. §§ 1331, 1343, 1441 and 1446, from the Superior Court of the State of Delaware, to the United States District Court for the District of Delaware. In support of this Notice of Removal, Respondents state the following:

### I. NATURE OF REMOVED PROCEEDING

1. On February 15, 2023, the DOJ issued a subpoena duces tecum to Great American Outdoors Group, LLC (the "Original Subpoena"), which relied only on 10 *Del. C.* § 3930, a statute whose enforceability is being challenged in Federal Court.

2. After Great American Outdoors Group, LLC objected to the Original Subpoena on March 2, 2023, Respondent Great American Outdoors Group, LLC received a revised subpoena *duces tecum* on March 3, 2023 (the "Revised Subpoena"), which added references to

1

other statutes, and now also purportedly relies on 29 *Del. C.* §§ 2504(4) and 2508(a). The Revised Subpoena now "relates to an investigation by the Fraud and Consumer Protection Division of the Delaware Department of Justice regarding possible violations of 10 *Del. C.* § 3930, 10 *Del. C.* ch. 71, 11 *Del. C.* §§ 603, 604, 1301, and 1322, and/or other laws."

3.  By letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections. On June 6, 2023, Great American Outdoors Group, LLC provided its formal responses and objections to the Revised Subpoena (copy attached as Exhibit 1). Among other objections, Great American Outdoors Group, LLC objected to the Revised Subpoena to the extent the State Department of Justice ("DOJ") is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.), where this Court has pending before it a Motion for Preliminary Injunction to enjoin the enforcement of 10 *Del. C.* § 3930, on the basis that, inter alia, the statute is preempted by federal law.[1]

4.  In the District of Delaware, a Motion for Preliminary Injunction in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.) ("Delaware P.I. Motion") remains pending, which will decide the validity of 10 *Del. C.* § 3930, the statute on which the Revised Subpoena is largely based (and, notably, on which the Original Subpoena was entirely based).

---

[1] A preliminary injunction was granted to enjoin the enforcement of a substantially similar statute as the Revised Subpoena is primarily based on, by the U.S. District Court for the District of New Jersey, in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) ("New Jersey P.I. Decision," attached hereto as Exhibit 2).

5. On June 23, 2023, Petitioner State of Delaware, *ex rel.* Kathleen Jennings, Attorney General of the State of Delaware, by and through the Delaware Department of Justice ("DOJ"), filed a Motion to Enforce Subpoena Duces Tecum (the "Motion") in the Superior Court of the State of Delaware, pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a), seeking an Order directing Respondents to produce additional documents pursuant to the Revised Subpoena. A true and correct copy of the Motion, which constitutes all process, pleadings, and orders in this action, is attached as Exhibit 3, pursuant to 28 U.S.C. § 1446(a).

6. Respondents have not yet responded to the Motion.

7. This Notice of Removal is being filed in the United States District Court for the District of Delaware, the district in which the Delaware P.I. Motion is pending.

8. This Notice of Removal is being filed within thirty days of Defendants' receipt of service of the Motion, as required by 28 U.S.C. § 1446(b).

9. All Respondents in this action join in this Notice of Removal, as required by 28 U.S.C. § 1446(b).

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

**II.    PETITIONER'S MOTION IS REMOVABLE UNDER *GRABLE***

11. Under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mtg*, 545 U.S. 308 (2005), removal is proper under 28 U.S.C. § 1331 because the Motion raises a substantial question of federal law.

   **a. Th*e Grable* Standard**

12. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable*, 545 U.S. at 312. The *Grable* doctrine "captures the

3

126051401

commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*.

13. Under this doctrine, when a complaint alleges only state law claims, federal jurisdiction may also exist where a state law claim raises a substantial embedded federal issue that can be addressed by the federal courts without disturbing congressional intent. *Grable*, 545 U.S. at 312-14. A complaint presents an "embedded" federal issue supporting federal-question jurisdiction if it raises a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013) (citing *Grable*, 545 U.S. at 314); *see also M.K. by & through Barlowe K. v. Prestige Acad. Charter Sch.*, 302 F. Supp. 3d 626, 633 (D. Del. 2018) (summarizing four factors for federal jurisdiction over state law claims under *Grable*). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258

14. This test is only met where, "to prove some element of a state-law claim, the plaintiff ha[s] to win on an issue of federal law." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 709 (3d Cir. 2022). Proof of an element of the state law claim must turn on federal law, *City of Hoboken*, 45 F.4th at 709, and the case must raise an issue substantial "to the federal system as a whole[,]" *Gunn,* 568 U.S. at 260. Additionally, the Court only needs jurisdiction over one of the claims to exercise supplemental jurisdiction over the rest. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 563 (2005).

**b. The Motion raises a jurisdictional issue requiring analysis of the Protection of Lawful Commerce in Arms Act and raises a Fourth Amendment issue**

15. As set forth below, this case meets all four *Grable* requirements. The Motion is necessarily based on federal issues for two reasons.

16. **First**, a federal issue is "necessarily raised" by a claim if the court must address that issue in order to resolve the claim. *See Gunn,* 568 U.S. at 259 (issue of patent law was "necessary" to a case where a court would have to apply it to resolve the plaintiff's state law-based legal malpractice claim); *Grable,* 545 U.S. at 315 (federal issue necessarily raised where the United States government's compliance with a federal statute was an "essential element" of the plaintiff's claim).

17. The Motion requires the resolution of whether Petitioner's proceeding may be brought in any Federal or State court pursuant to the Protection of Lawful Commerce in Arms Act.

18. The Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. § 7901-7903, Pub.L. No. 109-92, 119 Stat. 2095 (2005), was enacted by Congress in 2005.  The statute contains a lengthy preamble setting forth various congressional findings and statutory purposes. 15 U.S.C. § 7901.  Among the stated purposes of the statute is to "prohibit causes of action against manufacturers [and] distributors . . . of firearms . . . for the harm solely caused by the criminal or unlawful misuse of firearm products . . . by others when the product functioned as designed and intended." *Id.*

19. Pursuant to the PLCAA, a qualified civil liability action may not be brought in any Federal or State court.  15 U.S.C. § 7902(a).  The statute defines a "qualified civil liability action" as "a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for

damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party." 15 U.S.C. § 7903(5)(A). The PLCAA has six exceptions to the qualified civil liability definition. *Id.*

20. The PLCAA states that a "qualified civil liability *action may not be brought in any* Federal or State court." 15 U.S.C. § 7902(a) (emphasis added). The PLCAA also provides that any such pending action, as of the date of enactment, must be "immediately dismissed by the court." 15 U.S.C. § 7902(b). "The PLCAA, therefore, is a jurisdictional statute." *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, 2022 U.S. Dist. LEXIS 178496, at *33 (D. Mass. Sept. 30, 2022) (noting that "the Supreme Court clarified in *Patchak* that a statute employing language such as 'no action shall be brought under,' and instructing that all covered pending actions must be dismissed upon enactment, is jurisdictional in nature").

21. The Motion necessarily raises the PLCAA because the State, a "person" pursuant to the PLCAA, has brought a civil proceeding against Respondents, "sellers" of a "qualified product" pursuant to the PLCAA, for relief resulting from the alleged theft of ammunition and selling of stolen property by a third party. Accordingly, the Court will necessarily need to determine whether the proceeding is exempt from the PLCAA and may proceed to consider the Motion.

22. Whether the Revised Subpoena is reasonable under the Fourth Amendment was also necessarily raised because the State contends that the Revised Subpoena was reasonable under the Fourth Amendment. (Motion at ¶¶ 12-13).

23. **Second**, to satisfy the *Grable* test, a federal issue is "actually disputed" where the parties are in disagreement regarding its potential application or resolution. *See, e.g., Gunn,* 568

U.S. at 259 (where parties disagreed on whether a particular exception to the "on-sale bar" might have operated to save a patent from being declared invalid, the Court found that federal law was "actually disputed" in the case).

24. In the present matter, whether the PLCAA bars this proceeding is actually disputed because the Petitioner filed this proceeding seeking the granting of its Motion. Respondents believe the Revised Subpoena and this proceeding is barred by the PLCAA. Respondents objected to the Revised Subpoena because the enforceability of 10 *Del. C.* § 3930 is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.) on the basis that, *inter alia*, 10 *Del. C.* § 3930 is preempted by the PLCAA.

25. Also, whether the Revised Subpoena is reasonable under the Fourth Amendment is actually disputed. In the Motion, Petitioner argues that the Revised Subpoena is reasonable under the Fourth Amendment (Motion at ¶¶ 12-13) and relies on that federal law argument to seek enforcement. Respondents disagree.

26. Respondents objected to the Revised Subpoena because the enforceability of 10 *Del. C.* § 3930 is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.) on the basis that 10 *Del. C.* § 3930 is unconstitutional and preempted by federal law. In addition, Respondents objected, *inter alia*, to requests in the Revised Subpoena as: (1) not reasonably limited in time; (2) seeking information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; (3) calling for

materials unrelated to the matter; and (4) unenforceable to the extent it seeks information and documents located outside of Delaware and outside the scope of the powers, duties, and legal authorities of the DOJ.

27. **Third**, "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." *Gunn,* 568 U.S. at 260. A substantial federal issue is more likely to be present if a "pure issue of [federal] law" is "dispositive of the case." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 700 (2006). In addition, a substantial federal issue is more likely to be present if the court's resolution of the issue will control "numerous other cases." *Id.*

28. Here, the court's construction of the PLCAA would be dispositive of the proceeding. Should the Court find the PLCAA prohibits this proceeding, such that the proceeding may not be brought in any state or federal court, the Court would be required to dismiss the case. *See Estados Unidos Mexicanos,* 2022 U.S. Dist. LEXIS 178496, at *52 (granting motion to dismiss certain claims brought against several gun manufacturers and a wholesaler because the claims were barred by the PLCAA). In addition, the resolution of the present matter will affect subsequent litigation, including the State of Delaware's enforcement of 10 *Del. C.* § 3930 with respect to other manufacturers or sellers of a "qualified product," as defined by the PLCAA.

29. Whether the Revised Subpoena is reasonable under the Fourth Amendment is also substantial because the Court's determination as to this issue will affect subsequent litigation, including the State of Delaware's enforcement of 10 *Del. C.* § 3930.

30.     **Fourth**, under *Grable*, "questions of [federal] jurisdiction over state-law claims require careful judgments about the nature of the federal interest at stake." *Grable,* 545 U.S. at 317 (internal quotation marks and citation omitted).

31.     "Commercial firearms are predominantly regulated at the federal level." *Minnesota v. Fleet Farm LLC,* 2023 U.S. Dist. LEXIS 110210, at *20 (D. Minn. June 27, 2023). "For instance, firearm dealers must be federally licensed, are directly regulated by the ATF, and receive the majority of their training and guidance from federal sources." *Id.* Respondents' "duties are largely established at the federal level—not by the state." *See id.* Accordingly, the federal issues presented in this proceeding can be resolved in federal courts without disturbing the congressionally approved balance of federal and state judicial responsibilities. *See id.* at *20-21.

32.     Moreover, Congress has prohibited "qualified civil liability actions" in State court since 2005. The initial issue in this matter is a jurisdictional one: whether Petitioner's action constitutes a "qualified civil liability action" under the PLCAA such that the proceeding must be dismissed. The interpretation or construction of state law is not the foremost issue. Thus, federal jurisdiction in the present proceeding is "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *See PNC Bank, N.A. v. PPL Elec. Util. Corp.*, 189 F. App'x 101, 104 n.3 (3d Cir. 2006).

33.     Accordingly, the Court has jurisdiction over this proceeding because the *Grable* requirements are satisfied. *See Fleet Farm LLC,* 2023 U.S. Dist. LEXIS 110210, at *14-21 (denying motion to remand an action, which only raised causes of action based on state law and alleged a supplier sold firearms to individuals that the supplier knew or should have known were straw purchasers of weapons, because the *Grable* factors were sufficiently satisfied); *see also*

*PNC Bank, N.A.* 189 F. App'x at 104 n.3 (finding state law claim based on violation of Internal Revenue Code "gives rise to federal-question jurisdiction" under *Grable*);

### III.   ADDITIONAL PROCEDURAL MATTERS

34. Respondents will promptly provide Petitioner with written notice of and a copy of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Delaware, where the Motion was originally filed.

### IV.   CONCLUSION

35. For the foregoing reasons, this Court has subject matter jurisdiction over this proceeding.

WHEREFORE, Defendants request that this action be removed from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware.

Dated: July 21, 2023

Respectfully submitted,

  /s/ *Francis G.X. Pileggi*
Francis G.X. Pileggi (No. 2624)
Karen R. Poppel (No. 5373)
LEWIS BRISBOIS BISGAARD SMITH LLP
500 Delaware Ave., Suite 700
Wilmington, Delaware 19801
302-985-6000
Francis.Pileggi@LewisBrisbois.com
Karen.Poppel@LewisBrisbois.com

*Attorneys for Respondents*

126051401