## INDEX OF EXHIBITS

                                                                            **Tab**

Formal Response and Objections to Revised Subpoena.................................................................1

New Jersey P.I. Decision ..........................................................................................................2

Motion to Enforce Subpoena Duces Tecum ...............................................................................3

# EXHIBIT 1

**BEFORE THE ATTORNEY GENERAL**
**OF THE STATE OF DELAWARE**

| | |
|---|---|
| IN THE MATTER OF:<br><br>AN INVESTIGATION BY THE FRAUD AND CONSUMER PROTECTION DIVISION OF THE DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE | No. IL-2023-01-A |

**GREAT AMERICAN OUTDOORS GROUP, LLC'S**
**RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**
**FROM DELAWARE ATTORNEY GENERAL'S OFFICE**

Respondent Great American Outdoors Group, LLC received a revised subpoena *duces tecum* on March 3, 2023 (the "Revised Subpoena"), purportedly pursuant to  29 *Del. C.* §§ 2504(4) and 2508(a), that "relates to an investigation by the Fraud and Consumer Protection Division of the Delaware Department of Justice regarding possible violations of 10 *Del. C.* § 3930, 10 *Del. C.* ch. 71, 11 *Del. C.* §§ 603, 604, 1301, and 1322, and/or other laws."  The Revised Subpoena follows the original subpoena issued to Great American Outdoors Group, LLC on February 15, 2023 (the "Original Subpoena"), which relied only on 10 *Del. C.* § 3930. After an objection to the Original Subpoena was sent on March 2, 2023, the Revised Subpoena added the additional irrelevant statutes.  The Great American Outdoors Group, LLC, by and through its attorneys, hereby responds and objects to the Revised Subpoena as follows:

**GENERAL OBJECTIONS**

1.      Great American Outdoors Group, LLC objects to the definitions in the Revised Subpoena of "**Respondent**," "**You**," "**Your**" or "**Cabela's,**" which encompasses "all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of

the foregoing, or any other persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing," as overbroad as it requests documents and/or information that is not in Respondent's possession, custody, or control.

2.      Great American Outdoors Group, LLC objects to the Delaware Department of Justice's refusal to postpone the return date of the Revised Subpoena pending a decision on a motion for preliminary injunction in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.) ("Delaware P.I. Motion"), which will decide the validity of the statute on which the Revised Subpoena is largely based, even though Respondent requested such an extension.

A preliminary injunction was granted to enjoin the enforcement of a substantially similar statute as the Revised Subpoena is primarily based on, by the U.S. District Court for the District of New Jersey, in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) ("New Jersey P.I. Decision").  The hearing on the Delaware P.I. Motion was held after the N.J. Injunction and after the appeal of that injunction to the U.S. Court of Appeals for the Third Circuit.  The federal judge who granted the N.J. Injunction refused a request for a stay pending appeal.

The federal judge hearing the Delaware P.I. Motion asked the Delaware Attorney General's Office at the hearing on the Delaware P.I. Motion if the Delaware A.G. would refrain from enforcing the challenged statute (on which the Original Subpoena was entirely based, and the Revised Subpoena is primarily based) in light of the N.J. Injunction of the substantially similar statute—until either a decision on the Delaware P.I. Motion or a discussion by the Third Circuit on the appeal of the N.J. Injunction.  The Delaware A.G.'s Office rejected the Court's

"suggestion." *See* attached letter to Court dated March 10, 2023, *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.), D.I. 36.

3.      Respondent objects to the Requests to the extent they seek documents containing or constituting trade secrets, confidential business or other proprietary information.

4.      Respondent objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

5.      Respondent objects to the Requests to the extent they call for production of documents that would constitute an invasion of the right to privacy of third parties.

6.      Respondent objects to the Requests to the extent they call for documents and/or information that is not in Respondent's possession, custody or control.

7.      Respondent objects to Definition No. 7 for "Time Period" and Instruction No. 7 relating to "Time Period" because a 5-year time period is overly broad and unduly burdensome, particularly given the effective date of 10 *Del. C.* § 3930.

8.      Respondent objects to the Instructions to the extent that they impose obligations greater than or different from those under the Federal Rules of Procedure and the applicable Rules and Orders of the Delaware courts.  For example, Respondent objects to Instruction No. 1 to the extent it imposes an obligation greater than or different from those under the Federal Rules of procedure and the applicable Rules and Orders of the Delaware courts, by requiring Respondent "identify when the Document was most recently in Your possession, custody, or control, what disposition was made of it, the date and reason(s) for such disposition, and the name, address, and telephone number of the person who presently has possession, custody, or control of the Document."  As another example, Respondent objects to Instruction No. 4 as

125231636.1

3

imposing an obligation greater than or different from those under the Federal Rules of procedure and the applicable Rules and Orders of the Delaware courts by requiring Respondent to, "[i]f a responsive Document has been destroyed, altered, or otherwise changed," "a. identify the person who destroyed, altered, or otherwise changed the Document and any person who directed that the Documents be destroyed, altered, or otherwise changed; b. identify the reason(s) the Documents were destroyed, altered, or otherwise changed; c. identify any communication or Document(s) which relate to the destruction, alteration, or change of the Documents; and d. identify all persons with knowledge of any portions of the contents of the responsive Documents."

## SPECIFIC OBJECTIONS AND RESPONSES

1. Documents sufficient to identify the name, title, and contact information for each person who assisted in preparing Your response to this Subpoena, and for each such person, the number of each Request with which such person assisted.

**RESPONSE:** The Great American Outdoors Group, LLC incorporates its General Objections herein by reference. The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023. In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference. Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023. Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the State Department of Justice ("DOJ") is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced non-privileged, responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement, and made substantial changes to the layout of its Delaware store after a telephonic meet-and-confer with the Delaware Department of Justice.

2. All previous and current Cabela's Policies applicable to the Christiana Store addressing in any part any of the following topics: loss prevention; security; ammunition sales;

125231636.1                                    5

ammunition displays; communications with federal, state, or local law enforcement; or discipline or treatment of employees who attempt to engage with, pursue, apprehend, or otherwise interact with a shoplifter.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as not reasonably limited in scope or time.

Great American Outdoors Group, LLC further objects to this request as overbroad because it is not reasonably limited in time and calls for materials unrelated to this matter. For instance, this request asks for <u>all</u> previous and current policies regardless of the effective date of 10 *Del. C.* § 3930. Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition. The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. For instance, this request asks for all policies on "loss prevention; security; . . . communications with federal, state, or local law enforcement; or discipline or treatment of

employees who attempt to engage with, pursue, apprehend, or otherwise interact with a shoplifter," regardless of department or merchandise category.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

3. All Cabela's Policies relating to the placement of ammunition in a store, including without limitation the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) *within 100 miles of the Christiana Store.* (emphasis added).

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this Request as vague and ambiguous as the phrase "placement of ammunition" is undefined.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District Court of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as unenforceable, overbroad, and calling for materials unrelated to this matter to the extent it seeks policies within 100 miles of the Christiana Store, which includes Great American Outdoors Group, LLC's places of business located outside of Delaware and outside the scope of the powers, duties, and legal authorities of the DOJ.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

125231636.1

9

4. All inventory records for ammunition in the Christiana Store, including without limitation any records of inventory loss or discrepancies, and the name of each person creating the record or performing the inventory recorded, whether a Cabela's employee, a vendor, or otherwise.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad to the extent it seeks information relating to all inventory, including inventory that was sold.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced certain non-privileged, responsive data and documents regarding ammunition shrink rates on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement.

5. Documents sufficient to identify loss rates for the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) *within 100 miles of the Christiana Store*, broken down on a departmental basis or any other manner in which records are retained, including without limitation the loss rates for ammunition (or, if not maintained on a product-specific basis, for the department in which ammunition is sold) compared to loss rates for the entire store. (emphasis added).

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as unenforceable,

overbroad, and calling for materials unrelated to this matter to the extent it seeks policies within

100 miles of the Christiana Store, which includes Great American Outdoors Group, LLC places

of business located outside of Delaware and outside the scope of the powers, duties, and legal

authorities of the DOJ.  Thus, this request seeks information that is neither relevant nor

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For instance, this request asks for documents and/or information on "loss rates," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information loss rates of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced non-privileged, responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement.

125231636.1

14

6. Documents sufficient to identify each known instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation all loss prevention records and reports, police reports, internal memoranda, or other similar documents.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "***each*** known instance of stolen or unaccounted-for ammunition at the Christiana Store" and "***all*** loss prevention records and reports, police reports, internal memoranda, or other similar documents."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Subject to the foregoing general and specific objections, after having performed a diligent

and reasonable search, Great American Outdoors Group, LLC produced certain non-privileged,

responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a

confidentiality agreement.


7. All Documents containing or identifying any requests from or responses to employees

for enhanced security related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as

unenforceable and overbroad to the extent it seeks  responses from non-residents who are

employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware.  Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Great American Outdoors Group, LLC further objects to this request as overbroad to the extent it seeks information relating to "*any* requests from or responses to employees for enhanced security related to ammunition."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as unduly burdensome because Great American Outdoors Group, LLC and its subsidiaries operate over 150 retail stores nationwide and, within the specified "Time Period," employed thousands of persons.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

8. All Documents containing any video footage capturing any events surrounding any of the instances identified pursuant to Request 6, inclusive of all video footage of a suspected perpetrator and the response by employees to the relevant instance.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  In addition, the Great American Outdoors Group, LLC incorporates its objections to Request No. 6 herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023. Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

9. All Documents relating to the deletion of any video footage capturing the events surrounding any of the instances identified pursuant to Request 6, including without limitation those required by Instruction 4.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  In addition, the Great American Outdoors Group, LLC incorporates its objections to Request No. 6 herein by reference.  The Fraud and Consumer

Protection Division of the Department of Justice of the State of Delaware issued the Original

Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided

initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by

reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the

Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.

Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the

objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added

additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this Request as vague and ambiguous as

the phrase "deletion of any video footage" is undefined.  Great American Outdoors Group, LLC

further objects to this Request to the extent it implies that Great American Outdoors Group, LLC

had a duty to preserve such footage during the specified "Time Period."

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Respondent objects to Instruction No. 4 as imposing an obligation greater than or different from those under the Federal Rules of procedure and the applicable Rules and Orders of the Delaware courts by requiring Respondent to, "[i]f a responsive Document has been destroyed, altered, or otherwise changed," "a. identify the person who destroyed, altered, or otherwise changed the Document and any person who directed that the Documents be destroyed, altered, or otherwise changed; b. identify the reason(s) the Documents were destroyed, altered, or otherwise changed; c. identify any communication or Document(s) which relate to the destruction, alteration, or change of the Documents; and d. identify all persons with knowledge of any portions of the contents of the responsive Documents."

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

125231636.1                                          23

10. Documents sufficient to identify the layout, capabilities, schematics, and coverage of any loss prevention technology in the Christiana Store, including without limitation any video surveillance system, along with documents sufficient to identify any changes or adjustments made to the foregoing during the Time Period.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For instance, this request asks for "the layout, capabilities, schematics, and coverage of any loss prevention technology," regardless of department or merchandise category.  Thus, as an example, this request encompasses "layout, capabilities, schematics, and coverage of any loss prevention technology" with respect to fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.  For example, regarding life jackets and kayaks, there is no justification for the DOJ's fishing expedition for documents and/or information about these innocuous items.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

125231636.1

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

11. All Policies and other Documents relating to collection, monitoring, and retention of all surveillance or security video at the Christiana Store.

**RESPONSE:** The Great American Outdoors Group, LLC incorporates its General Objections herein by reference. The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023. In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference. Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023. Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.). Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

125231636.1

12. All Communications discussing in any manner any instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation internal reports, messages, law-enforcement outreach or follow-up, loss prevention investigations, or otherwise.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022. Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "*[a]ll* Communications" discussing in ***any*** manner ***any*** instance of stolen or unaccounted-for ammunition at the Christiana Store." Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

13. All Communications to, with, or from an employee of the Christiana Store discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

125231636.1

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "***[a]ll*** Communications." Thus, this request seeks information that is neither relevant nor proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "ammunition sales."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For example, this Request encompasses communications on stocking ammunition, pricing ammunition, discounting ammunition, and other topics unrelated to the loss and/or theft of ammunition.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

14. All Communications to, with, or from an executive officer, corporate employee, or other non-retail employee of Cabela's discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures

with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as unenforceable and overbroad to the extent it seeks communications with non-residents who are employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware.  Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "ammunition sales."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For example, this Request encompasses communications on stocking ammunition, pricing ammunition, discounting ammunition, and other topics unrelated to the loss and/or theft of ammunition.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

15. Documents sufficient to identify the names, titles, employment dates, phone numbers, and email addresses for any management personnel at the Christiana Store.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  For instance, this request asks for documents and/or information on "management personnel," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information on management personnel who manage the sale of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.


16. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for loss prevention officers and security personnel.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  For instance, this request asks for documents and/or information on the

"qualifications, experience, or credentials" of "loss prevention officers and security personnel,"

regardless of department or merchandise category.  Thus, as an example, this request

encompasses documents and/or information on the qualifications, experience, or credentials of

loss prevention officers and security personnel responsible for loss prevention or security with

respect to fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents,

sleeping bags, bikes, generators, clothing, shoes, etc.

     Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

     Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware and its subsidiaries operate over 150 retail stores nationwide. Thus, Great

American Outdoors Group, LLC further objects to this request as unenforceable and overbroad

to the extent it seeks documents and information relating to the qualifications, experience, or

credentials of non-residents who are employed outside of Delaware, may have never even

stepped foot in Delaware, and are not officers or directors of Delaware entities subject to

Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located

outside of Delaware.  Thus, this request seeks documents and/or information that is outside the

scope of the powers, duties, and legal authorities of the DOJ.

Subject to the foregoing general and specific objections, after having performed a diligent

and reasonable search, Great American Outdoors Group, LLC produced non-privileged,

responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a

confidentiality agreement..


17. Documents sufficient to identify and describe all qualifications, experience, or

credentials that Cabela's requires for personnel who work in or are assigned to the hunting or

gun departments *in any of its stores*. (emphasis added).

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

125231636.1

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the State of Delaware and its subsidiaries operate over 150 retail stores nationwide. Thus, Great American Outdoors Group, LLC further objects to this request as unenforceable and overbroad to the extent it seeks documents and information relating to the qualifications, experience, or credentials of non-residents who are employed outside of Delaware, may have never even stepped foot in Delaware,  and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware.  Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

18. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for any loss prevention officers and security personnel at the Christiana Store.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

125231636.1

letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

125231636.1

43

likely benefit.  For instance, this request asks for documents and/or information on "loss prevention officers and security personnel at the Christiana Store," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information on any loss prevention officers and security personnel at the Christiana Store responsible for loss prevention or security of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced non-privileged, responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement.

19. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for all current and previous personnel who worked in the hunting or gun departments at the Christiana Store in any capacity.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it is not reasonably limited in time and calls for materials unrelated to this matter.  For instance, this request ask for all current and previous personnel regardless of the effective date of 10 *Del. C.* § 3930.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.


20. Documents containing the personnel records for any person identified in response to request 19 who was fired, terminated, discharged, or asked or permitted to resign in lieu of firing, termination, or discharge.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  In addition, the Great American Outdoors Group, LLC incorporates its objections to Request No. 19 herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the

Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.

Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the

objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added

additional objections, which are incorporated herein by reference.

Respondent objects to this Request to the extent it seeks confidential employment

information and would constitute an invasion of the right to privacy of third parties.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

21. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving loss prevention policies.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For instance, this request asks for documents and/or information on "corporate employee responsible for establishing, reviewing, or approving loss prevention policies,"

regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information on corporate employees responsible for establishing, reviewing, or approving loss prevention policies of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as unenforceable and overbroad to the extent it seeks documents and information relating to non-residents who are employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware. Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

22. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving ammunition sales policies and practices.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as unenforceable and overbroad to the extent it seeks documents and information relating to non-residents who are employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware. Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.


DATED:  June 6, 2023                        LEWIS BRISBOIS
                                                     BISGAARD & SMITH LLP

                                            */s/ Francis G.X. Pileggi*
                                            Francis G.X. Pileggi (No. 2624)
                                            Karen R. Poppel (No. 5373)
                                            500 Delaware Ave., Suite 700
                                            Wilmington, Delaware 19801
                                            Phone: (302) 655-6000
                                            Francis.Pileggi@LewisBrisbois.com
                                            Karen.Poppel@LewisBrisbois.com

                                            *Attorneys for Respondent Great American*
                                            *Outdoors Group, LLC*

# EXHIBIT 2

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW J. PLATKIN, ATTORNEY GENERAL OF NEW JERSEY,<br><br>Defendant. | Civil Action No. 22-6646 (ZNQ)(TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion for a Preliminary Injunction filed by National Shooting Sports Foundation, ("NSSF") ("the Motion", ECF No. 4). NSSF filed a brief in support of the Motion. ("Moving Br.", ECF No. 4-1.) Defendant Matthew J. Platkin, Attorney General of New Jersey ("Defendant"), opposed ("Opp'n Br.", ECF No. 11), and NSSF replied ("Reply Br.", ECF No. 16). Also before the Court is an amicus curiae brief ("Amici Br.", ECF No. 15) in opposition to the Motion filed by Brady, Everytown for Gun Safety, and Giffords Law Center to Prevent Gun Violence (collectively, "Amici Curiae").

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion for a Preliminary Injunction.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 16, 2022, NSSF filed a Complaint seeking declaratory and injunctive relief and nominal damages against Defendant Matthew J. Platkin, the Attorney General of New Jersey in response to Governor Phil Murphy signing Assembly Bill 1765 ("A1765" used interchangeably with "N.J.S.A. 2C:58-35") into law.  (Compl., ECF No. 1.)  On November 23, 2022, NSSF filed the instant motion for a preliminary injunction seeking to enjoin Defendant as well as the Attorney General's officers, agents, employees, attorneys, and all persons in active concert or participation with them from implementing or enforcing the A1765.  (*See* ECF No. 4.)

NSSF is a Connecticut non-profit trade association for the firearm, ammunition, and hunting and shooting sport industry with more than 9,000 members.  (Compl. ¶ 8.)  Defendant is the Attorney General of New Jersey.  (*Id.* ¶ 12.)

On June 5, 2022, the Governor of New Jersey signed A1765 into law.  (*Id.* ¶ 27.)  A1765 is titled "Act concerning public safety and supplementing Title 2C of the New Jersey Statutes." (*Id.*)  A1765 creates a cause of action for public nuisance applying to gun industry members "engaged in the sale, manufacturing, distribution, importing, or marketing of a gun-related product, and any officer, agent, employee, or other person authorized to act on behalf of that person or who acts in active concert or participation with one or more such persons."  (*Id.* ¶ 29.)  A1765 also authorizes liability for any gun industry member who fails to "establish, implement, and enforce reasonable controls regarding its manufacture, sale, distribution, importing, and marketing of gun related products."  (*Id.* ¶ 31.)

## II.    LEGAL STANDARD

District courts have the freedom to fashion preliminary equitable relief so long as they do so by "exercising their sound discretion."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24

(2008). To obtain a preliminary injunction, the moving party must demonstrate: "(1) the reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, the Court also should take into account, when relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot. ("SCCIA")*, 274 F.3d 771, 777 (3d Cir. 2001). "[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *Id.* (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir.1982)). As a threshold matter, the Court considers the first two prongs together. Only when Plaintiff has sufficiently met the first two prongs, does it consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief.

## III.   JURISDICTION

The Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343.

## IV.   DISCUSSION

### A.   LIKELIHOOD OF SUCCESS ON THE MERITS

#### 1. Article III Standing

Defendant first argues in opposition to the Motion that NSSF cannot succeed on the merits because its lawsuit is premature. (Opp'n Br. at 11.) Defendant asserts that because NSSF seeks to invoke Article III jurisdiction to preempt a hypothetical future public nuisance suit, its lawsuit

3

is not ripe. (*Id*. at 12.) In reply, NSSF argues an injury in fact exists because there is a credible threat of prosecution under A1765. (Reply Br. at 1.)

"Article III requires a showing that the plaintiff has: '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) and that is likely to be redressed by a favorable judicial decision.'" *New Jersey Bankers Ass'n v. Att'y Gen. of N.J.*, 49 F. 4th 849, 855 (3d Cir. 2022) (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016). As to the injury in fact element, a plaintiff is not required to expose himself to liability before bringing a suit to challenge the basis of the threat. *Id*. (quoting *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 128–29 (2007)). A threat of prosecution under an allegedly unconstitutional statute may constitute an injury in fact. *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). The threat, however, "may not be merely 'imaginary or wholly speculative.'" *New Jersey Bankers Ass'n*, 49 F. 4th at 855 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160 (2014)).

The Supreme Court has articulated a three-factor test to establish "a credible threat of enforcement." *Id*. (citing *Susan B. Anthony List*, 573 U.S. at 161 (internal citations omitted)).

> First, there must be an intention to engage in a course of conduct arguably affected with a constitutional interest. Second, the intended conduct must be arguably proscribed by the statute that the plaintiff seeks to challenge. . .Third, the plaintiff must face a substantial threat of future enforcement under the statute.

*Id*. (internal citations and quotations omitted).

The first two factors here are clearly met. NSSF members' manufacturing, marketing, and sale of firearms and related products "arguably affects a constitutional interest." *See* 15 U.S.C. §7901(a)(6) ("The possibility of imposing liability on an entire industry for harm that is solely caused by others is an abuse of the legal system. . . [and] threatens the diminution of a basic constitutional right and civil liberty[.]"). Such conduct is also "arguably proscribed by the statute."

4

*See* N.J.S.A. 2C:58-35 (a)(1) ("A gun industry member shall not, by conduct either unlawful in itself or unreasonable under all the circumstances, knowingly or recklessly create, maintain, or contribute to a public nuisance in this State through the sale, manufacturing, distribution, importing, or marketing of a gun-related product."). Accordingly, at issue is the third factor: whether NSSF faces a substantial threat of future enforcement under A1765. *See New Jersey Bankers Ass'n*, 49 F. 4th at 855.

Defendant argues that NSSF does not properly plead a substantial threat of future enforcement because it seeks to preempt a hypothetical future public lawsuit. (Opp'n Br. at 13.) Defendant compares the instant matter to *Sherwin-Williams Co. v. County of Delaware, Pennsylvania*, 968 F.3d 264 (3d Cir. 2020) and argues that NSSF's arguments for invoking Article III standing are even more flawed than those of *Sherwin-Williams*, where the court found no Article III standing. *Sherwin-Williams,* however, is distinguishable from the instant matter. There, two counties sued Sherwin-Williams for public nuisance based on its sale and manufacture of lead-based paint. *Id.* at 267. Sherwin-Williams thereafter sued three other counties to challenge their anticipated enforcement actions. Sherwin-Williams alleged that Delaware County retained, or was in the process of retaining, counsel and intended to sue Sherwin-Williams to pay for inspection and abatement of lead paint. *Id.* at 267. The Third Circuit rejected the plaintiff's argument as a basis for jurisdiction indicating that "[t]he County might sue Sherwin Williams, but it might not. The uncertainty surrounding these fundamental questions renders these claims unfit for judicial resolution." *Id.* at 272.

Here, however, NSSF faces a substantially more concrete threat of future enforcement of A1765 than the plaintiff in *Sherwin-Williams*. The statute at issue here specifically permits the Attorney General to "commence an action to seek and obtain[ ] an injunction prohibiting the gun

5

industry member from continuing that conduct or engaging therein or doing any acts in furtherance thereof[]" if it "appears to the Attorney General that a gun industry member has engaged or is engaging in conduct that violates [the statute][.]" N.J.S.A. 2C:58-35(a)(3)(b). No such statute existed in *Sherwin-Williams*. Furthermore, as NSSF articulates in their Reply Brief, the Attorney General has created an entirely new office with the specific mandate of bringing civil enforcement actions under A1765. (Reply Br. at 2.); *See New Jersey Bankers Ass'n*, 49 F. 4th at 856 (finding a substantial threat of harm for purposes of standing where the Attorney General articulated that the plaintiff was subject to the prohibitions of the statute). Accordingly, because the Attorney General has been specifically vested with the authority to carry out enforcement actions against gun industry members for violating A1765, and appears intent to do just that with the creation of an office to bring such actions, the Court finds that NSSF faces a substantial threat of future enforcement under A1765. The injury in fact requirement for standing is therefore satisfied.

NSSF also satisfies the remaining elements of Article III standing. The credible threat of prosecution is traceable to the Attorney General's enforcement of N.J.S.A. 2C:58-35, consistent with the text of the statute. The credible threat of prosecution would be redressed by an injunction from enforcing the statute. The Court therefore concludes that NSSF has Article III standing to bring the instant lawsuit.[1]

### 2. *Preemption*

The Supremacy Clause of the U.S. Constitution indicates that, "the Laws of the United States . . . shall be the supreme law of the Land," and state law is invalid if federal law preempts state law. U.S. Const. art. VI, cl. 2. "Express preemption occurs when a federal law contains

---

[1] Defendant additionally argues that NSSF facially attacks the Constitutionality of A1765 and, thus, does not meet its burden for a facial attack. (Opp'n Br. at 14.) For reasons that will follow, the Court does not reach the parties' Constitutional arguments.

express language providing for the preemption of any conflicting state law." *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 395 (3d Cir.2010) (citation omitted). "Implied conflict preemption occurs when it is either impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 395–96 (internal quotation marks and citations omitted).

Under the federal Protection of Lawful Commerce in Arms Act (the "PLCAA"), a civil action may not be brought "against a manufacturer or seller of a [firearm or related product]" for injuries "resulting from the … misuse of a [firearm or related product] by … a third party[,]" subject to six enumerated exceptions. 15 U.S.C. §§7902(a), 7903(5)(A). A1765 creates a cause of action for public nuisance applying to gun industry members "engaged in the sale, manufacturing, distribution, importing, or marketing of a gun-related products, and any officer, agent, employee, or other person authorized to act on behalf of that person or who acts in active concert or participation with one or more such persons." N.J.S.A. 2C:58-35.

Given that there is no explicit language within the PLCAA providing for the preemption of any conflicting state law, the Court will assess whether the PLCAA *impliedly* preempts A1765. Implied conflict preemption occurs when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English v. General Elec. Co.,* 496 U.S. 72, 79 (1990) (citations omitted).

NSSF argues that the PLCAA imposes clear restrictions, but A1765 creates liabilities that conflict with those restrictions. (Moving Br. at 3–4.) NSSF asserts that the PLCAA preempts state efforts to subject those who manufacture or sell firearms or firearm related products to liability for harms resulting from the criminal or unlawful misuse of a qualified product by a third

party. (*Id.* at 4, citing 15 U.S.C. § 7903(5)(A).)  Defendant argues that NSSF misreads the statute, and N.J.S.A. 2C:58-35 fits perfectly within the predicate exception.  (Opp'n Br. at 18.)

The gravamen of the parties' dispute is therefore whether A1765 falls within the predicate exception to the PLCAA.  (*See id.; see also* Moving Br. at 5.)  The predicate exception of the PLCAA exempts "an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought[.]"  15 U.S.C. § 7903(5)(A)(iii).

NSSF first argues that A1765 does not fall within the PLCAA's predicate exception because the predicate exception cannot be "sensibly read to exempt any and all statutes that apply to the firearms industry."  (Moving Br. at 5.)  Such a reading would "allow the predicate exception to swallow the statute, which was intended to shield the firearms industry from vicarious liability for harm caused by lawfully distributed firearms."  (*Id.*)  NSSF asserts that the term "applicable" must be read in the context of the statute's language as a whole.  (*Id.*)  The language immediately surrounding the term "applicable," NSSF argues, provides clear indications that the predicate exemption only applies to laws that impose concrete obligations and prohibitions directly on manufacturers and sellers with respect to manufacturing and sales.  (*Id.*)  NSSF asserts that by the exception's terms, it only exempts civil actions that require a defendant to have *knowingly* violated the relevant statute.  (*Id.*)  NSSF maintains that the two examples provided within the predicate exception require a violation of a concrete obligation or prohibition.  (*Id.* at 7.)  The first, NSSF contends, requires a knowing violation of a recordkeeping requirement, *e.g.*, knowingly entering false information, knowingly failing to enter appropriate information, or aiding, abetting, or conspiring with someone to make a false statement material to the lawfulness of the sale.  (*Id.*)  The second,

8

NSSF asserts, requires a knowing violation of the obligation not to facilitate firearm purchases by aiding, abetting, or conspiring to sell a firearm to someone the seller knows or has reasonable cause to believe is buying it for a prohibited person. (*Id.*) These two examples, NSSF argues, look nothing like A1765. (*Id.*) NSSF maintains that A1765 commands members of the firearms industry to conduct their operations "reasonably" without giving any guidance as to which controls, procedures, or conduct, is reasonable. (*Id.*)

In opposition, Defendant asserts that NSSF misconstrues the meaning of "applicable to" within the predicate exception. (Opp'n Br. at 19.) Defendant contends that Section 58-35 applies to the unlawful sales and marketing conduct by fire industry members. (*Id.*) Defendant argues that NSSF's interpretation that a law is only "applicable to" the sale or marketing of a firearm product if that law imposes a sufficiently concrete duty "runs into a number of defects." (*Id.* at 20.) Defendant asserts that the limiting principle of "sufficiently concrete" is nowhere within the text of the statute. (*Id.*) Defendant argues that NSSF mischaracterized the PLCAA's purpose; Congress made clear its concern was about imposing liability on an entire industry for harm that is solely caused by others. (*Id.* at 21.) Defendant asserts that the predicate exception indicates that it "includes" examples, which are intended to illustrate a broad concept rather than narrowly circumscribe a term with exclusive categories, as NSSF suggests. (*Id.* at 23.)

In its reply, NSSF reiterates that Defendant's interpretation of the predicate exception would let the exception "swallow the PLCAA whole." (Reply Br. at 3.) NSSF argues that Defendant's expansive view of the predicate exception "cannot be squared with the rest of the PLCAA, which by its terms protects against the very 'capacious tort principles' A1765 embraces. (*Id.*)

Amici Curiae argue that the PLCAA does not preempt all civil liability claims against gun industry defendants, and it would not preempt claims arising under N.J.S.A. 2C:58-35. (Amici Br. at 2.) Amici Curiae assert that plaintiffs throughout the country have successfully invoked the PLCAA's predicate exception based on statutes that share features of N.J.S.A. 2C:58-35. (*Id.*) Amici also maintain the PLCAA's sponsors during Congressional debate made clear that the PLCAA was not intended to restrict liability of state legislatures to pass gun laws. (*Id.* at 7.) Amici contends that the U.S. Court of Appeals for the Second Circuit issued an instructive framework for identifying predicate statutes per the PLCAA. (*Id.* at 9.) Specifically, the Second Circuit articulated that a predicate statute under the PLCAA must fall into one of three categories: statutes (1) that expressly regulate firearms, (2) that courts have applied to the sale or marketing of firearms, or (3) that do not expressly regulate firearms, but that clearly can be said to implicate the purchase and sale of firearms. (*Id.*, citing *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 403–04 (2d Cir. 2008).) Amici contend that since the Second Circuit's *Beretta* decision, courts around the country have identified a range of flexible statutes that qualify as predicates. (*Id.* at 10.)

For issues related to statutory interpretation, as the Supreme Court has observed, "[o]ur analysis begins and ends with the text[.]" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014). "[W]here the [legislature's] will has been expressed in language that has a reasonably plain meaning, that language must ordinarily be regarded as conclusive." *Byrd v. Shannon*, 715 F.3d 117, 122 (3d Cir. 2103) (citing *Negonsott v. Samuels*, 507 U.S. 99, 104 (1993). Reasonable statutory interpretation must account for both the "'specific context in which. . .language is used' and the broader context of the statute as a whole." *Utility Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 321 (2014) (quoting *Robinson v. Shell Oil C*o., 519 U.S. 337, 341 (1997)).

10

A statutory "provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme. . .because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988).

The statutes at issue, in their relevant parts, are as follows.

The PLCAA:

> A qualified civil liability action may not be brought in Federal or State Court. The term 'qualified civil liability action" means a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party, but shall not include an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought.

15 U.S.C. §§ 7902, 7903(5(A)(iii)

A1765:

> (1) A gun industry member shall not, by conduct either unlawful in itself or unreasonable under all the circumstances, knowingly or recklessly create, maintain, or contribute to a public nuisance in this State through the sale, manufacturing, distribution, importing, or marketing of a gun-related product. (2) A gun industry member shall establish, implement, and enforce reasonable controls regarding its manufacture, sale, distribution, importing, and marketing of gun-related products. It shall be a public nuisance to engage in conduct that violates paragraphs (1) or (2) of this subsection.

N.J.S.A. 2C:58-35 (a).

Here, the parties dispute the meaning and interpretation of the term "applicable to" within the predicate exception of the PLCAA. NSSF asserts that the term must be read in the context of the surrounding language and the statute as a whole. (Moving Br. at 5.) NSSF argues that the text

11

immediately surrounding "applicable" provide clear indications that the predicate exception applies only to laws that impose concrete obligations and prohibitions directly on manufacturers and sellers with respect to manufacturing and sale. (*Id.*) By its terms, the exception only exempts civil actions that require proof that the defendant knowingly violated the relevant statute, which implies some requirement sufficiently concrete that a manufacturer or seller could knowingly violate it. (*Id.* at 5–6.)

Defendant asserts A1765 corresponds to the sale and marketing activities of firearms industry members by express reference. (Opp'n Br. at 19.) Defendant maintains that A1765 "applies to (fits, has relevance to, is suitable and appropriate to) unlawful sales and marketing conduct by industry members." (*Id.*)

The term "applicable to" is defined as capable of being applied, or having relevance to. *See Ransom v. FIA Card Serv., N.A.*, 562 U.S. 61, 69 (2011). Accounting for both the specific and broader context in which "applicable to" is used, the Court agrees with NSSF that it would impose a concrete obligation with which industry members can confidently ensure compliance. *See Utility Air Regul. Grp.*, 573 U.S. at 321. The predicate exception exempts only those civil actions that require proof that the actor *knowingly* violated the relevant statute. 15 U.S.C. § 7903(5(A)(iii). The knowingly requirement of the predicate exception necessitates the actor to have a sufficiently concrete duty to have knowingly violated a relevant statute. It is contrary to the PLCAA to hold an industry member liable who complies with all laws but did not know that it failed to employ "reasonable procedures, safeguards, and business practices," or has conducted its lawful business in a manner so "unreasonable under all the circumstances" that it can be said to have "contribute[d] to" "a condition which. . .contributes to the injury or endangerment of the health, safety, peace, comfort, or convenience of others." N.J.S.A. 2C:58-35(a)(1), (a)(2).

Congress's illustrative examples within the PLCAA further support this position.   15 U.S.C. §§7903(5)(A)(iii)(I), (A)(iii)(II).   "The general language . . . providing that predicate statutes are those 'applicable to' the sale or marketing of firearms . . . is followed by the more specific language referring to statutes imposing record-keeping requirements on the firearms industry, 15 U.S.C. §7903(5)(A)(iii)(I), and statutes prohibiting firearms suppliers from conspiring with or aiding and abetting others in selling firearms directly to prohibited purchasers, 15 U.S.C. §7903(5)(A)(iii)(II)." *Beretta*, 524 F.3d at 402.  Thus, under basic principles of interpretation, the general "applicable to" language must be "'construed to embrace only objects similar to those enumerated by'" the two specific examples that follow. *Id.* (quoting *Washington State Dep't of Soc. & Health Servs. v. Guardianship Est. of Keffeler*, 537 U.S. 371, 384 (2003)).

Further, reading A1765 as being applicable to the sale or marketing of the product would directly conflict with the intention of Congress.  "In the construction of statutes, it is the duty of the court to ascertain the clear intention of the legislature." *U.S. v. Fisk.*, 70 U.S. 445, 447 (1865). Congress's intent here is clear.  The PLCAA's purpose is to "prohibit causes of action against manufacturers, distributors, dealers, and importers of firearms or ammunition products, and their trade associations, for the harm solely caused by the criminal or unlawful misuse of firearm products or ammunition products by others when the product functioned as designed and intended." 15 U.S.C. § 7901 (b)(1).  A1765 does just the opposite.  To read A1765 as fitting within the predicate exception would run afoul of the goals of the PLCAA and would, in fact, "gut the PLCAA" as NSSF suggests.

A1765 would subject manufacturers, distributors, dealers, and importers of firearms or ammunition products and their trade associations to civil liability for the harm solely caused by the criminal or unlawful misuse of firearm or ammunition products by others.  This is in direct

13

conflict with the PLCAA's purpose.  Accordingly, the Court finds that NSSF is likely to succeed on the merits that A1765 does not fall within the predicate exception of the PLCAA and is therefore preempted by the PLCAA.[2]

The Court additionally has concerns as to whether A1765 can survive on Constitutional grounds.  However, because the Court finds NSSF is likely to succeed on the merits of its preemption argument, the Court need not address the Constitutional issues at this time.[3]

## B.  IRREPARABLE INJURY

Having shown a likelihood of success on the merits of the preemption claim, NSSF must also show that it will be irreparably injured by a denial of the preliminary injunction.  When it comes to the second factor, irreparable harm, "[t]he law ... is clear in this Circuit: in order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the only way of protecting the plaintiff from harm."  *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotation marks and citation omitted).  Additionally, "[t]he 'requisite feared injury or harm must be irreparable–not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'"  *Id.* at 91–92 (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

NSSF first asserts that the process of trying to ascertain what the vague terms of A1765 mean and what steps industry members could try and take to avoid being found in violation of A1765 will be considerable and unrecoverable given the State's the Eleventh Amendment

---

[2] Because the Court finds that it is likely that NSSF will succeed on the merits that A1765 does "apply to" the sale or marketing of a firearm product, it does not reach a determination on the "proximate cause" requirement issue.
[3] The Court reaches no decision as to whether Plaintiff will ultimately succeed on the merits.  The instant application only requires the Court to consider the *likelihood* of NSSF's success.

protections. (Moving Br. at 24.) NSSF argues that A1765 permits the Attorney General to bring a civil action for any kind of relief if he suspects a violation of the statute and all indications are that he intends to use that authority. (*Id.*) Because the PLCAA indicates that lawsuits may not be brought in any Federal or State court, no court can make NSSF members whole for having to defend against suits that should have never been brought in the first place. (*Id.* at 25.) Accordingly, NSSF maintains that this constitutes irreparable injury. (*Id.*) NSSF also argues that the cost of the potential lawsuits brought under A1765 are enough to bankrupt the industry. (*Id.*)

In opposition, Defendant asserts that NSSF has not established irreparable harm. (Opp'n Br. at 6.) Rather, Defendant maintains that ordinary costs to comply with a government regulation, as is the case here, do not establish irreparable harm to obtain a preliminary injunction. (*Id.* at 7.) Further, Defendant argues that NSSF's four-and-a-half-month delay in seeking relief demonstrates that its harm is not irreparable. (*Id.* at 7–8.)

In reply, NSSF argues the "significant chilling effect A1765 has on constitutionally protected, truthful speech, plus the loss of immunity from suit" is sufficient to establish irreparable injury. (Reply Br. at 9.) NSSF asserts that its members remain under constant threat that the Attorney General will initiate suit without prior notice, which poses a risk of irreparable harm. (*Id.* at 9–10.)

Amici assert that NSSF's "hyperbolic assertions regarding the financial impact of A1765 are vastly overstated and contradicted by publicly available information." (Amici Br. at 17.) Amici insist that gun industry actors have faced litigation across the country, consistent with the PLCAA, and have not generated mass bankruptcies across the industry. (*Id.* at 17–18.) Amici argue that NSSF offers no evidence to suggest that A1765 claims asserted by Defendant would post any greater threat to the industry's current financial stability. (*Id.* at 19.)

15

Akin to the instant matter, the plaintiffs in *New Jersey Retail Merch. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 382 (3d Cir. 2012) similarly considered a challenge to the constitutionality of an unclaimed property statute. The plaintiffs there objected to a New Jersey statute and filed motions for a preliminary injunction to prevent the state from enforcing it. *Id.* at 385. They argued that it violated the Supremacy Clause by including a "place-of-purchase presumption." *Id.* at 382, 385. The district court granted, and the Third Circuit affirmed, their requests to preliminarily enjoin the prospective enforcement of the statute's place-of-purchase presumption and the regulatory guidance elaborating on that presumption, concluding that the plaintiff-companies would suffer irreparable harm absent a preliminary injunction. *Id.* at 384-85, 388, 395-96. In finding irreparable harm, the Third Circuit reasoned that plaintiff-companies "must either face prosecution and fines for noncompliance or turn over, in cash, the remaining value of existing gift cards that have not been redeemed within two years[,]" *i.e.*, the amount presumed abandoned under the statute, and that "[t]hey would not be entitled to receive those funds back if [the challenged statute was] later found to be unconstitutional, due to state sovereign immunity." *Id.* at 388; *see also id.* at 396.

That dilemma and the resulting inability to later demand a refund were premised on the prospect of New Jersey's enforcement of the challenged statute. *Id.* at 388 ("If the State enforces Chapter 25, plaintiff-companies must either face prosecution and fines for noncompliance or turn over, in cash, the remaining value of existing gift cards that have not been redeemed within two years."). The plaintiff-companies were, therefore, irreparably harmed because they faced the prospect of either (1) complying with the statute, resulting in the loss of money it could not later obtain, due to sovereign immunity, if the statute was deemed unconstitutional, or (2) being assessed fines and penalties upon future enforcement for noncompliance. *Id.* Here, the existence

16

of irreparable harm is even clearer because enforcement of A1765 is specifically articulated within the statute. A1765 specifically permits the Attorney General to "commence an action to seek and obtain[ ] an injunction prohibiting the gun industry member from continuing that conduct or engaging therein or doing any acts in furtherance thereof[]" if it "appears to the Attorney General that a gun industry member has engaged or is engaging in conduct that violates [the statute][.]" N.J.S.A. 2C:58-35(a)(3)(b). The statute further provides for the creation of an enforcement committee: "The Attorney General may establish or designate within the Department of Law and Public Safety a unit, bureau, office or division to exercise all functions, powers, and duties of the Attorney General established under or deriving from [N.J.S.A. 2C:58-35 *et. seq.*] and which may perform such other functions, powers, and duties vested in the Department of Law and Public Safety as the Attorney General may deem appropriate." N.J.S.A. 2C:58-35(a)(3)(f). As noted above, the Attorney General has created such an office to enforce A1765.

NSSF members are therefore faced with the same dilemma as the plaintiff-companies in *New Jersey Retail,* 669 F.3d at 374; they are required to either comply with the statute, which would result in members being subject to the vague requirement to enforce "reasonable controls regarding its manufacture, sale, distribution, importing, and marketing of gun-related products," N.J.S.A. 2C:58-35(a)(2), or be faced with prosecution and fees upon A1765's enforcement for noncompliance. N.J.S.A. 2C:58-35(b). Should the Court ultimately find A1765 preempted (or unconstitutional), recovering money damages from either complying with A1765 or the fines assessed for noncompliance will be unrecoverable in State or Federal Court under the Eleventh Amendment. *See* U.S. Const. Amend. XI; *see also Royster v. New Jersey State Police*, 227 N.J. 482, 494–495 (2017); *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (finding a "suit by private parties seeking to impose a liability which must be paid from the public funds in the state

treasury is barred by the Eleventh Amendment."). Accordingly, the Court finds that NSSF has satisfied the irreparable harm requirement.

### C. THE POSSIBILITY OF HARM TO OTHER INTERESTED PERSONS

The third factor requires the court to "balance the parties' relative harms; that is, the potential injury to the plaintiffs without this injunction versus the potential injury to the defendant with it in place." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 143 (3d Cir. 2017).

At this stage, a court should also consider "the possibility of harm to other interested persons from the grant or denial of the injunction." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (internal citations and quotations omitted.) "[W]hen considerable injury will result from either the grant or denial of a preliminary injunction, these factors to some extent cancel each other[.]" *Delaware River Port Auth. v. Transamerican Trailer Transp.*, Inc., 501 F.2d 917, 924 (3d Cir. 1974). Granting the instant preliminary injunction has the possibility of harming the State in that it will be unable to enforce its duly enacted statute. *See Abbot v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018). The State, however, does not have a legitimate interest in the enforcement of an unconstitutional law. *American Civil Liberties Union v. Ashcroft*, 322 F.3d 240, 247 (3d Cir. 2003). Further, Defendants do not present any argument of potential damages that would result in the event the Court issued a preliminary injunction. Accordingly, having found NSSF has made a sufficient showing as to the likelihood of its success on the merits as to its Supremacy Clause challenge, the Court finds this factor to weigh in favor of the injunction.

### D. PUBLIC INTEREST

Finally, the Court must weigh whether the public interest favors the suspension of Defendant's policy pending the outcome of this litigation. "As a practical matter, if a plaintiff demonstrates both likelihood of success on the merits and irreparable injury, it almost always will

18

be the case that the public interest will favor the plaintiff." *American Tel. & Telegraph Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

In addition, the Third Circuit has recognized that "[i]n the absence of legitimate countervailing concerns, the public interest clearly favors the protection of constitutional rights[.]" *Council for Alt. Pol. Parties v. Hooks*, 121 F.3d 876, 883–84 (3d Cir. 1997). Here, Defendant asserts only broad public safety concerns. The Court is mindful that firearms are inherently dangerous and even more so in the wrong hands, but it is also mindful that the PLCAA embodies Congress's earnest effort to balance those dangers against the national interest in protecting access to firearms. Under the circumstances, the Court is therefore compelled to find that Defendant fails to show legitimate countervailing concerns and that the public interest favors granting Plaintiff's motion for a preliminary injunction.

### E.    RULE 65(C)

The Court additionally notes that neither party addresses the implications on this Motion of Fed. R. Civ. P. 65(c). Pursuant to Rule 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *NCAA v. Governor of N.J.*, 939 F.3d 597, 603 (3d Cir. 2019). The amount of security required for an injunction left to the discretion of the trial judge. *Scanvec Amiable Ltd. v. Chang*, 80 F. App'x 171, 178 (3d Cir. 2003).

The Third Circuit recognizes that public-interest cases may represent an exception to the strict requirements of Rule 65(c). *Temple Univ. v. White*, 941 F.2d 201, 218 n.25 (3d Cir. 1991) (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 803 n.8 (3d Cir. 1989)). As Defendant did not request a bond requirement and did not present any evidence about potential

19

damages in the event this Court issued a preliminary injunction, the Court will grant the Motion without requiring the posting of a bond by Plaintiff.

## V.      **CONCLUSION**

Accordingly, Plaintiff's Motion for a Preliminary Injunction will be GRANTED.   An appropriate order will follow.

Date: **January 31, 2023**

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

# EXHIBIT 3

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, *ex rel.* | ) | |
| KATHLEEN JENNINGS, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | C.A. No. _____ |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CABELA'S INC., BPS DIRECT, LLC | ) | |
| (d/b/a BASS PRO SHOPS), GREAT | ) | |
| OUTDOORS GROUP, LLC, and | ) | |
| GREAT AMERICAN OUTDOORS | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| *Respondents*. | ) | |

## MOTION TO ENFORCE SUBPOENA DUCES TECUM

COMES NOW Petitioner the State of Delaware, *ex rel.* Kathleen Jennings,

Attorney General of the State of Delaware, by and through the Delaware

Department of Justice (hereinafter "DOJ"), and moves this Honorable Court,

pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a) for an Order directing Respondents

Cabela's Inc., BPS Direct, LLC (d/b/a Bass Pro Shops), Great Outdoors Group,

LLC, and Great American Outdoors Group, LLC (collectively, "Respondents") to

produce responsive documents pursuant to the DOJ subpoena duces tecum for the

production of business records. The DOJ subpoena is part of its investigation into

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

ammunition display and storage practices, including deficient loss prevention policies, at the Respondents' Cabela's store located at 1100 Christiana Mall #1410, Newark Delaware 19702 (the "Cabela's store"). DOJ asserts the following in support of this Motion:

<u>The Subpoena Power of the DOJ and Attorney General</u>

1.      Pursuant to 29 *Del. C.* § 2504(4), the Department of Justice and the Attorney General have the power, duty, and authority "To investigate matters involving the public peace, safety and justice and to subpoena witnesses and evidence in connection therewith. . . ."

2.      In order to carry out its statutory mandates, 29 *Del. C.* § 2508(a) provides that, "The Attorney General or any assistant may administer oaths and affirmations to any person, including witnesses, at any time or in any place and may issue process to compel the attendance of persons, witnesses and evidence at the office of the Attorney General or at such other place as designated."  The term "process" grants the Attorney General power to issue a subpoena duces tecum and compel production of documents. <u>In re Hawkins</u>, 123 A.2d 113, 116 (Del. 1956).

<u>The Investigation</u>

3.      After receiving reports of thefts of significant quantities of ammunition from the sales floor at the Cabela's store, DOJ commenced an investigation.  The investigation concerns, among other things, Respondents' loss

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

prevention policies, the extent of Respondents' awareness of the ongoing thefts, and the effect on the health, safety, and peace of the public.

4.      In the course of its investigation, DOJ has interviewed a witness who stated that she frequently shoplifted ammunition from the Cabela's store. (*See* Exhibit A, Affidavit of Special Investigator Patrick L. Malone). This witness found the Cabela's store security surrounding its open display of ammunition so lacking that she was able to shoplift on more than twenty (20) occasions removing approximately 500,000 rounds by placing boxes of ammunition in a shopping cart underneath her coat. Ex. A at ¶ 5. The witness then sold the shoplifted ammunition for approximately one third of its retail price at area pawn shops in Delaware and to drug dealers and other gang-related individuals in Philadelphia, PA and Dover, DE netting more than $100,000. Ex. A at ¶ 6. The witness stated that she was well-known to employees and at least one supervisor at the Cabela's store, who did not typically confront her or take measures to prevent her shoplifting. Ex. A at ¶ 7. The witness further states that she was not the only person shoplifting ammunition from the Cabela's store at Christiana Mall—others shoplifted before her and during the time that she did—and that the Christiana Mall location was specifically targeted because of its open display of ammunition and lacking security.  Ex. A at ¶ 4.

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

## The Subpoenas to Respondents

5.      On February 15, 2023, the DOJ issued a Subpoena Duces Tecum (the "February 15 Subpoena") to Respondents regarding its investigation citing possible violations of 10 *Del. C.* § 3930 (civil action for public nuisance by firearm industry member) and/or other laws. The return date for the subpoena was March 8, 2023. A copy of the February 15 Subpoena is attached hereto as Exhibit B.

6.      Following discussions with Respondents, the DOJ withdrew the initial subpoena and on March 3, 2023, issued a new subpoena (the "March 3 Subpoena") to Respondents which elaborated with respect to the "other laws" referred to in the February 15 Subpoena by citing possible violations of 10 *Del. C.* § 3930, 10 *Del. C.* ch. 71 (criminal nuisance abatement), 11 *Del. C.* §§ 603 (reckless endangering in the second degree), 604 (reckless endangering in the first degree), 1301 (disorderly conduct), and 1322 (criminal nuisance), and/or other laws. The return date for the subpoena was March 17, 2023. The March 3 Subpoena was otherwise substantively identical to the February 15 Subpoena.  A copy of the March 3 Subpoena is attached as Exhibit C.

7.      On April 3, 2023, following additional discussion with Respondents, the DOJ and Respondents entered into an Agreement Governing the Production and Exchange of Confidential Information ("Confidentiality Agreement").

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

8.      Respondents subsequently made their production. In response to March 3 Subpoena and with the Confidentiality Agreement in place, Respondents produced only two documents. The production is a two-page document and a one-page, heavily redacted document marked CONFIDENTIAL[1] pursuant to the Confidentiality Agreement.[2]

9.      Upon receipt of the two documents noted above, DOJ granted Respondents a final extended deadline of June 6, 2023, for a formal written response to the March 3 Subpoena.

10.     On June 6, 2023, Respondents sent fifty-three (53) pages of objections to the March 3 Subpoena refusing to produce a single additional document. A copy of Respondents' Responses and Objections is attached as Exhibit D.

<u>Argument</u>

11.     The statutes under which this subpoena is issued, 29 *Del. C.* §§ 2504(4) and 2508 (a), grant the Attorney General the power to investigate a crime and other matters of public concern similar to the powers granted a grand jury including the power to compel the appearance of witnesses and the production

---

[1] The DOJ will submit the production including the one-page document marked CONFIDENTIAL with the Court *in camera* should the Court desire to review it.
[2] As of the date of this Motion, the DOJ has given notice to Respondents that it terminates its agreement to the Confidentiality Agreement with regard to future documents and information to be produced by Respondents.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

of documents. <u>Johnson v. State</u>, 983 A.2d 904, 920 (Del. 2009). The Attorney

General must seek redress in court if an individual refuses to abide by the terms of

a subpoena and the court will determine independently whether the subpoena is

enforceable. <u>Id.</u>

       12.    The subpoena power conferred upon the Attorney General provides

her office with nearly unfettered discretion to gather records, documents, and

testimony, as long as it can be established that she is investigating "matters

involving the public peace, safety and justice." <u>State v. Salasky</u>, 2013 WL

5487363, at \*15 (Del. Super. 2013). To protect Fourth Amendment rights, a three-

part test has been adopted to determine a subpoena's reasonableness. <u>In re Blue

Hen Network</u>, 314 A.2d 197, 201 (Del. Super. 1973). Under this test, the subpoena

duces tecum must: (1) specify the materials to be produced with reasonable

particularity; (2) require the production only of materials that are relevant to the

investigation; and (3) not cover an unreasonable amount of time. <u>Id.</u>  Under the

basic standard of reasonableness, a subpoena that is broad in scope can be

reasonable. <u>State v. Johnson,</u> 2011 WL 4908637, at \*7 (Del. Super. 2011).

       13.    The March 3 Subpoena meets the test. While containing twenty-two

(22) requests over a five (5) year relevant time, the March 3 Subpoena defines with

particularity the documents sought within a reasonably narrow scope. These

documents are relevant to this investigation both as set forth on the face of the

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

subpoena itself and in consideration of the facts developed to date. As to the third

prong of the test regarding the amount of time covered in the subpoena, DOJ is

aware that the significant shoplifting of ammunition occurred both *before* and

during the witness' December 2021 to December 2022 shoplifting.  Ex. A at ¶¶ 3,4

and 5. Upon information and belief, the Cabela's store opened in May 2014.[3]

Further, while the statute of limitations for each statutory violation cited in the

March 3 Subpoena vary, at least one, 11 *Del. C.* § 604 carries a matching five-year

statute of limitations as a Class E Felony[4].  Thus, the time period for which

documents are sought, matches the time period at issue for statutory violation.

Given the staggering level of ammunition theft and its timing against an

undeniable impact upon the health, safety and peace of the public, the DOJ

subpoena is reasonable and appropriate.

14.     Respondents' objections lack merit. While it is true that Respondents'

counsel also represents the National Shooting Sports Foundation ("NSSF") in a

constitutional challenge to 10 *Del. C.* § 3930, the existence of such litigation is just

that—litigation. At the time of this writing, NSSF's motion for a preliminary

injunction has not been granted and 10 *Del. C.* § 3930 remains in effect. More

importantly, the March 3 Subpoena is grounded upon five additional identified

---

[3] See https://www.delawareonline.com/story/money/2014/03/06/cabelas-announced-opening-date-for-christiana-store/6116419/.
[4] 11 *Del. C.* § 205(b)(1).

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

State laws, none of which are under challenge by NSSF in its District Court

litigation. See ¶¶ 5, 6, *supra*. Finally, Respondents repetitively cite, without

elaboration, an objection that "this request seeks information that is neither

relevant nor proportional to the needs of the case, considering the importance of

the issues at stake, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden of expense of the proposed discovery

outweighs its likely benefit." Given the facts obtained in this investigation, the

DOJ contends that the opposite is true. The demands of the March 3 Subpoena are

both relevant and proportional to the threat posed to public peace, safety, and

justice that the theft of ammunition with its resale to pawn shops, drug dealers and

gang members. Any burden placed on Respondents to produce documents they

should have readily at hand, is slight in comparison to the importance and benefit

to the investigation.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

WHEREFORE, pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a), DOJ

requests the Court grant its Motion with the attached Order directing Respondents

to produce responsive documents pursuant to the subpoena duces tecum issued to

the Respondent in this matter on March 3, 2023.


DELAWARE DEPARTMENT OF JUSTICE


*/s/ Owen P. Lefkon*
Owen P. Lefkon (#5672)
Christian Douglas Wright (#3554)
Evelyn H. Brantley (#3380)
Deputy Attorneys General
820 N. French Street
Wilmington, DE  19801
(302) 683-8851

*Attorneys for State of Delaware,* ex rel.
*Kathleen Jennings, Attorney General of the*
*State of Delaware*

Dated: June 23, 2023

– 9 –

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# Exhibit A

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

## AFFIDAVIT OF PATRICK L. MALONE

STATE OF DELAWARE              )
                                              ) SS:
COUNTY OF NEW CASTLE      )

     BE IT REMEMBERED that on this the $\underline{23}$ day of June, 2023, Patrick L. Malone being duly sworn by me according to the law, did personally appear before me, a Notary Public for the State and County declared above, and did depose and say:

     1.    My name is Patrick L. Malone. I am a Special Investigator with the Delaware Department of Justice.

     2.    In my capacity as a Special Investigator with the Delaware Department of Justice, I conducted an interview with Danielle Brookens. The interview took place at the New Castle County Courthouse holding area in Wilmington, Delaware on March 7, 2023, with her counsel present.

     3.    Ms. Brookens was arrested by the Delaware State Police on December 8, 2022, at the Cabela's Christiana Mall location and charged with Shoplifting and Possession of Ammunition by a Person Prohibited.

     4.    Ms. Brookens informed me during the interview, that she shoplifted ammunition from the Cabela's Christiana Mall store because it was easy to steal ammunition out in the open shelves and the security was lacking. Ms. Brookens stated that others were shoplifting ammunition from the Cabela's store as well, both before her and during the time period that she did.

     5.    Ms. Brokens stated she shoplifted ammunition at the Cabela's store, commencing in December 2021, on more than twenty (20) occasions by placing boxes of it in a shopping cart covered by her coat. She estimated that she shoplifted approximately 500,000 rounds of ammunition.

     6.    Ms. Brookens stated she sold the shoplifted ammunition at about one-third of its retail price at area pawn shops in Delaware and to drug dealers and other gang-related individuals in Philadelphia, PA and Dover, DE netting over $100,000.

**EFiled: Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

7.     Ms. Brookens stated that she was well known to employees and at least one supervisor at the Cabela's store and although they often saw her in the store, they did not typically confront her or take action to prevent her shoplifting.

8.     Ms. Brookens stated that in order to stop the shoplifting of ammunition, the Cabela's store should not sell it, or remove the ammunition from the open floor and/or pay attention to the video cameras they had on the floor.

Patrick L. Malone
Delaware Department of Justice
Special Investigator

Sworn and subscribed before me, this the 23 day of June, 2023.

NOTARY PUBLIC

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# Exhibit B

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**BEFORE THE ATTORNEY GENERAL
OF THE STATE OF DELAWARE**

IN THE MATTER OF:                    )
                                     )
AN INVESTIGATION BY THE FRAUD AND    )        No. IL-2023-01
CONSUMER PROTECTION DIVISION OF      )
THE DEPARTMENT OF JUSTICE FOR THE    )
STATE OF DELAWARE                    )

<u>**SUBPOENA DUCES TECUM**</u>

To:    Custodian of Records                    Issued:         February 15, 2023
       Great American Outdoors Group, LLC      **RETURNABLE:    March 8, 2023**
       2500 E Kearney Street
       Springfield, MO 65803

*Greetings:* This Subpoena requires you to produce documents and information to the Fraud and Consumer Protection Division of the Department of Justice for the State of Delaware at the date and time set forth below. This Subpoena has been issued to you pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a). The Subpoena relates to an investigation by the Fraud and Consumer Protection Division of the Delaware Department of Justice regarding possible violations of 10 *Del. C.* § 3930 and/or other laws.

You are required to produce the documents and information listed herein (pursuant to the format outlined in the Production Guidelines attached to the Subpoena) by **March 8, 2023** to the attention of Paralegal Michele Porter at Michele.Porter@delaware.gov or to:

Michele Porter
Delaware Department of Justice
Carvel State Building
820 N. French St.
Wilmington, DE 19801

**\*\* <u>PLEASE INCLUDE A CERTIFICATION OF RECORDS</u> \*\***

Your obligation to produce documents under this Subpoena is a continuing one. If you later discover additional documents and information responsive to this Subpoena or the attached schedule you must supplement your response as soon as reasonably possible.

You have the right to be represented by counsel in this matter.

**If you believe that the production of documents and information required by this Subpoena would be unduly burdensome, or if you require clarification of any document request, please**

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70347906
Case No. N23M-06-118

contact Deputy Attorney General Owen Lefkon at OwenLefkon@delaware.gov or
309.683.8888 within ten (10) days of receipt of this Subpoena.

**Kathleen Jennings**
ATTORNEY GENERAL

BY: _____

**Owen Lefkon**
Deputy Attorney General

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

### I.   DEFINITIONS

These requests for documents and information (collectively, the "**Requests**") shall be read and interpreted in accordance with the definitions and instructions set forth herein, including:

1.      "**Christiana Store**" means the Cabela's store located at 1100 Christiana Mall #1410, Newark, DE 19702.

2.      "**Communication**" means any conversation, discussion, letter, email, memorandum, meeting, note, or other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means, and shall include any document that abstracts, digests, transcribes, records, or reflects any of the foregoing, as well as any audio or video recordings.

3.      "**Document**" is used here in the broadest sense of the term and includes any originals and all records and other tangible media of expression of whatever nature however and wherever created, produced, or stored (manually, mechanically, electronically or otherwise), or any other written, recorded, transcribed, or graphic matter of which you have or have had possession, custody, or control, or of which you can obtain from a third party. **The term "Document" includes electronically stored information ("ESI")** which means any information that is stored electronically on enumerable types of media regardless of the original format in which it was created.

4.      "**Policies**" means the policies of Cabela's, including without limitation policies, procedures, and other guidance issued by Cabela's or an employee of Cabela's with management authority.  The term "Policies" also includes without limitation Documents maintained in a compliance management system.

5.      "**Production Guidelines**" means the appended document attached hereto setting forth the parameters for producing all Documents responsive to this Subpoena.

6.      "**Respondent**," "**You**," "**Your**" or "**Cabela's**" means Cabela's Inc., BPS Direct, L.L.C. (d/b/a Bass Pro Shops), Great Outdoors Group, LLC, Great American Outdoors Group, LLC, and any of their predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

7.      "**Time Period**" means the time period set forth in Instruction 7.

### II.   INSTRUCTIONS

1.      <u>Possession, Custody and Control</u>.  You must preserve and promptly produce all responsive Documents currently in Your possession, custody, or control and/or acquired by You after your initial production of responses.  With respect to the Requests, produce all described Documents in Your possession, custody, or control without regard to the person or persons by whom or for whom the Documents were prepared (*e.g.*, employees, agents, business partners, or others). If responsive Documents are in Your control, but not in Your possession or custody, You shall promptly identify when the Document was most recently in Your possession, custody, or control, what disposition was made of it, the date and reason(s) for such disposition, and the name, address, and telephone number of the person who presently has possession, custody, or control of the Document.

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-138

2.  Preservation of Relevant Documents; Spoliation. You are reminded of your obligations under law to preserve Documents relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. You are advised that ESI, in particular, is susceptible to modification or deletion during the collection process and You must take reasonable steps to ensure the preservation of any such ESI that is or may be relevant or potentially relevant to this Subpoena. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate, or otherwise diminish Your aforementioned preservation obligations, nor shall You act in reliance upon any such agreement or otherwise in any manner inconsistent with Your preservation obligations under law, unless the Deputy Attorney General executing this Subpoena confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

3.  Format of Production.   You shall produce Documents responsive to the Subpoena in the format outlined in the **Production Guidelines** attached hereto.  You shall also include a cover letter as more fully detailed in the **Production Guidelines** attached hereto.

4.  Document Destroyed, Altered or Otherwise Changed. If a responsive Document has been destroyed, altered, or otherwise changed:

     a.  identify the person who destroyed, altered, or otherwise changed the Document and any person who directed that the Documents be destroyed, altered, or otherwise changed;

     b.  identify the reason(s) the Documents were destroyed, altered, or otherwise changed;

     c.  identify any communication or Document(s) which relate to the destruction, alteration, or change of the Documents; and

     d.  identify all persons with knowledge of any portions of the contents of the responsive Documents.

5.  Privilege.   If any responsive Document is withheld on ground of privilege or other legal doctrine, You must provide a privilege log.

6.  Continuing Obligation to Produce.   This Subpoena imposes a continuing obligation to produce the Documents requested.   Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced in accordance with this Subpoena.

7.  Time Period: The relevant time period for the purposes of this Subpoena is January 1, 2018 through present, except where a longer time period is noted.

8.  **Complete the attached Certification of Records and include it in the subpoena response**.

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

### III.   DOCUMENTS TO BE PRODUCED

1.  Documents sufficient to identify the name, title, and contact information for each person who assisted in preparing Your response to this Subpoena, and for each such person, the number of each Request with which such person assisted.

2.  All previous and current Cabela's Policies applicable to the Christiana Store addressing in any part any of the following topics: loss prevention; security; ammunition sales; ammunition displays; communications with federal, state, or local law enforcement; or discipline or treatment of employees who attempt to engage with, pursue, apprehend, or otherwise interact with a shoplifter.

3.  All Cabela's Policies relating to the placement of ammunition in a store, including without limitation the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) within 100 miles of the Christiana Store.

4.  All inventory records for ammunition in the Christiana Store, including without limitation any records of inventory loss or discrepancies, and the name of each person creating the record or performing the inventory recorded, whether a Cabela's employee, a vendor, or otherwise.

5.  Documents sufficient to identify loss rates for the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) within 100 miles of the Christiana Store, broken down on a departmental basis or any other manner in which records are retained, including without limitation the loss rates for ammunition (or, if not maintained on a product-specific basis, for the department in which ammunition is sold) compared to loss rates for the entire store.

6.  Documents sufficient to identify each known instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation all loss prevention records and reports, police reports, internal memoranda, or other similar documents.

7.  All Documents containing or identifying any requests from or responses to employees for enhanced security related to ammunition.

8.  All Documents containing any video footage capturing any events surrounding any of the instances identified pursuant to Request 6, inclusive of all video footage of a suspected perpetrator and the response by employees to the relevant instance.

9.  All Documents relating to the deletion of any video footage capturing the events surrounding any of the instances identified pursuant to Request 6, including without limitation those required by Instruction 4.

10. Documents sufficient to identify the layout, capabilities, schematics, and coverage of any loss prevention technology in the Christiana Store, including without limitation any video surveillance system, along with documents sufficient to identify any changes or adjustments made to the foregoing during the Time Period.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-019

11. All Policies and other Documents relating to collection, monitoring, and retention of all surveillance or security video at the Christiana Store.

12. All Communications discussing in any manner any instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation internal reports, messages, law-enforcement outreach or follow-up, loss prevention investigations, or otherwise.

13. All Communications to, with, or from an employee of the Christiana Store discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

14. All Communications to, with, or from an executive officer, corporate employee, or other non-retail employee of Cabela's discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

15. Documents sufficient to identify the names, titles, employment dates, phone numbers, and email addresses for any management personnel at the Christiana Store.

16. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for loss prevention officers and security personnel.

17. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for personnel who work in or are assigned to the hunting or gun departments in any of its stores.

18. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for any loss prevention officers and security personnel at the Christiana Store.

19. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for all current and previous personnel who worked in the hunting or gun departments at the Christiana Store in any capacity.

20. Documents containing the personnel records for any person identified in response to request 19 who was fired, terminated, discharged, or asked or permitted to resign in lieu of firing, termination, or discharge.

21. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving loss prevention policies.

22. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving ammunition sales policies and practices.

**CERTIFICATION OF RECORDS**

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

| This document is intended to meet the requirements set forth in the Delaware Rules of Evidence, Rules 803(6), 902(8), (11) and (12) addressing certified records of regularly conducted activity. |
| --- |

I swear or affirm, to the best of my knowledge and belief, that each of the following is true regarding the attached records:

1.   I am familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities with the below organization;

2.   These records were made at or near the time the matters set forth therein occurred, or were made by or from information transmitted by, a person with knowledge of those matters;

3.   These records were kept in the course of regularly conducted activity; and

4.   It was the regular practice of the organization to make and preserve these records of regularly conducted activity.

| Organization | |
| --- | --- |
| Signature | Date |
| Print or Type Name | Title |
| Business Telephone | Business Address |

The attached records consist of _____ pages with production numbers ___ to ____.

SWORN TO AND SUBSCRIBED BEFORE ME this ____ day of _____, 20____

_____
**Notary Public**

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**DELAWARE DEPARTMENT OF JUSTICE**
**[FRAUD AND CONSUMER PROTECTION DIVISION]**

## PRODUCTION GUIDELINES

**Preliminary Statements:**

- Electronic and hard-copy Documents will be produced in electronic format as set forth below.

- **Before using any software or technology (including but not limited to search terms, technology assisted review, predictive coding, deduplication) to identify or eliminate Documents potentially responsive to the foregoing Subpoena, prior approval by the Deputy Attorney General who signed the Subpoena must be provided.**

- **Any proposed file formats other than those described below must be discussed and approved in advance by the Deputy Attorney General who signed the Subpoena.**

- Failure to comply with these Guidelines may result in adverse legal action against you to compel compliance herewith.

- All definitions in the foregoing Subpoena shall be carried over in these Guidelines.

**General Guidelines & Instructions:**

- These Production Guidelines are based on the guidelines of the District of Delaware and the Chancery, Superior and Supreme Courts of the State of Delaware.

- Every production shall include a cover letter to include: 1) identification of each type of media included in the production; 2) a list of custodians, identifying the production number range for each custodian; 3) the production number range for each paragraph number of the Subpoena Request to which the production number range is responsive to; and 4) any passwords required to access the production. If the production includes Adobe PDF files then the cover letter shall include a statement that those Adobe PDF files contain Documents that are maintained in Adobe PDF form in the ordinary course of business.

- **Electronic and hard copy Documents shall be produced in electronic image format with corresponding load file entry and document-level text.  The extracted text should be provided for electronic Documents.  OCR will be provided for scanned hard-copy Documents as well as redacted Documents.**

- **All document productions must contain the following files: (i) Images; (ii) Data; (iii) Native; and (iv) Text, all as explained more fully below.**

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

- Produce all Documents on either a CD, DVD, thumb drive, external hard drive, or via secure file transfer (acceptable to the Fraud and Consumer Protection Division) that has been labeled with the applicable case number, date of the production, identification of the producing party, and the production number range;

- All productions must be produced free of computer viruses and using industry standard self-extracting encryption software;

- Produce all attachments, enclosures or exhibits to responsive Documents in a manner which maintains the parent/child relationship of the Documents, with children files following parent files sequentially in the production numbering;

- Produce Documents in the order in which they were maintained in Your electronic and hard copy files, in (or identified with) copies of their original file folders, labeled with the folder's original file labels, *i.e.* memoranda that have attachments should not be separated from each other;

- Produce all Documents organized by custodian, with clear identification of each such custodian;

- **An Adobe PDF file is not considered a native file unless the Document was initially created as a PDF**;

- Provide a key of all abbreviations used in the Documents or information and attach the key to the corresponding Documents;

- If You intend to de-duplicate your production, the custodian of any de-duplicated Document must be identified in the All Custodians metadata field;

- All Documents should be produced in unredacted form, except for appropriate redactions of privileged or confidential information.  If You make any redaction, such redaction must be clearly marked and the reason for the redaction must be given; and

- For each Document withheld on ground of privilege or other legal doctrine, You shall insert one or more placeholder page(s) in the production bearing the same production number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production.  If You are withholding any Documents on the grounds of privilege, You must produce a privilege log in Your response.

**Delivery Formats:**

Document productions will contain the follow components:

- Data (DAT and OPT Files)
- Images
- Natives
- Text

2

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

*Data Files*

All Documents shall be produced in a data file (.DAT) that contains all of the fielded information that will be loaded into the database.  An associated Opticon or OPT image load file entry will also be supplied for each Document.

- The Begin Bates number is the unique identifier for all Documents and should be named consistently in the DAT file, Images, Natives and Text Files;

- All production numbers (Begin Bates, End Bates, Begin Attachment, End Attachment) consist of a prefix and an eight digit numeric (example, ABC00000001);

- Scanned hard copy Documents should include production number information (Begin Bates, End Bates, Begin Attachment, End Attachment), custodian(s) and the path (text precedence field) for the OCR text; and

- Date and time fields should be provided in the format: mm/dd/yyyy, 12:00:00 UTC.


.DAT File Delimiters:

Field Separator (ASCII: 0020)
Quote (ASCII: 0254)
Multi-Entry Delimiter (ASCII: 0059)
<Return> Value in Data (ASCII: 0174)


The .DAT File will contain the following metadata fields:

| Begin Bates | Beginning production number |
| --- | --- |
| End Bates | Ending production number |
| Begin Attachment | Beginning attachment number used to indicate parent Document to their attachments |
| End Attachment | Ending attachment number used to indicate parent Document to their attachments |
| Image Page Count | Number of images or pages in the Document |
| Response Number | Number of the Subpoena Request to which the Document is responsive |
| Custodian | Name of the person or entity that created, controlled or possessed the Document |
| All Custodians | Used to identify persons or entities who possessed identical copies of Document |
| From | Sender of the Document |
| Email To | Recipient(s) of the Document |
| Email CC | Person(s) who received a copy of the email |
| Email BCC | Person(s) who received a blind copy of the email |
| Email Subject | The subject line of the email |

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

| Conversation Index | Value created by Microsoft Exchange/Outlook to indicate email thread information |
|---|---|
| Author | Author metadata field populated from electronic file |
| Sent Date/Time* | Date and time that the email was sent (UTC).  Format example, 4/5/2017 12:00:00 AM |
| Received Date/Time* | Date and time that the email was received (UTC).  Format example, 4/5/2017 12:00:00 AM |
| Created Date/Time* | Date and time that the file was created (UTC).  Format example, 4/5/2017 12:00:00 AM |
| Last Modified Date/Time* | Date and time that the file was last modified (UTC).  Format example, 4/5/2017 12:00:00 AM |
| Meeting Start Date/Time* | Starting date and time on a calendar item (UTC).  Format example, 4/5/2017 12:00:00 AM |
| Record Type | Indicates record type (Email, Attach, Edoc, Scan) |
| MD5 Hash | Algorithm value used to identify a file and its duplicates |
| File Extension | File type extension (i.e., .pdf, .xlsx, .docx) |
| File Name | Name of the electronic file |
| File Size | Size of the electronic file in kb |
| Source Path | The originating electronic folder path of the file |
| Production Redaction | Indicates that the file contains redactions –  field value "Has Redactions" |
| Production Confidential | Indicates that the document is classified as Confidential |
| Text Precedence | Path for produced extracted text/OCR file |
| FILE_PATH | Path for produced native file |

*UTC – Coordinated Universal Time

*Image Files*

- For each Document entry in the .DAT file, a corresponding image entry should be provided in the Opticon or OPT File;

- Image file names must be unique, match the production number of the page and should not contain any blank spaces;

- Production numbers will be endorsed on the lower right corner of the image/page with a prefix and an eight (8) digit numeric (example - ABC00000001);

- The endorsed production number cannot obliterate, conceal, or interfere with any information on the production Document;

- Black and white images must be produced as a single-page Group IV TIFF (1 bit);

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

- Color images must be produced as a single-page JPEG; if the original Document cont color, a color JPEG should be provided;

- The confidentiality legend will be endorsed on the lower left corner of the image/page; and

- TIFF-image placeholders may be inserted in production for each of the classifications listed below.  A corresponding text Document will also be provided.

  - Produced in native format
  - Privilege Document
  - Non-responsive Document
  - Password-protected Document
  - Document cannot be imaged
  - Damaged/corrupt Document
  - Media Document

*Native Files*

- Native format files will be provided for Excel or spreadsheet Documents without redaction, media (audio/video) files or any case-specific or specialized applications whose output is difficult to image;

- The file name of native format files will indicate the production number;

- A TIFF-image placeholder will be inserted into the image production with a corresponding entry in the image OPT load file;

- The TIFF-image placeholder will be endorsed as "Produced in native format" and any confidentiality designation; and

- A document-level extracted text file will be provided for each native file.

*Text Files*

- Document-level extracted text or OCR text will be provided for each Document including native Documents;

- Extracted text will be provided electronic Documents; OCR text will be provided for redacted and scanned Document;

- In order to properly display CJK characters, text provided will be in Unicode format (typically UTF-8, not ASCII); and

- For each image placeholder, a corresponding text Document will be created to reflect its classification.

  - Produced in native format.  *Note:  Extracted text for the native Document will be provided*

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

- Privilege Document
- Non-responsive Document
- Password-protected Document
- Document cannot be imaged
- Damaged/corrupt Document
- Media Document

Below is an example of the production volume structure:

PROD001

- DATA
  - PROD001.DAT
  - PROD001.OPT
- IMAGES
  - PROD00000001.tif
  - PROD00000002.jpg
  - PROD00000003.tif
  - PROD00000004.tif
  - PROD00000005.tif
- NATIVE
  - PROD00000003.XLSX
  - PROD00000004.WAV
  - PROD00000005.XLSX
- TEXT
  - PROD00000001.txt
  - PROD00000003.txt
  - PROD00000004.txt
  - PROD00000005.txt

*Note: In the foregoing example, pages 1 and 2 form a single Document, hence the example under TEXT.*

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# Exhibit C

**BEFORE THE ATTORNEY GENERAL**
**OF THE STATE OF DELAWARE**

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| AN INVESTIGATION BY THE FRAUD AND | )   No. IL-2023-01-A |
| CONSUMER PROTECTION DIVISION OF | ) |
| THE DEPARTMENT OF JUSTICE FOR THE | ) |
| STATE OF DELAWARE | ) |

## SUBPOENA DUCES TECUM

To:  Custodian of Records                          Issued:                March 3, 2023
     Great American Outdoors Group, LLC      **RETURNABLE:    March 17, 2023**
     2500 E Kearney Street
     Springfield, MO 65803

*Greetings:* This Subpoena requires you to produce documents and information to the Fraud and Consumer Protection Division of the Department of Justice for the State of Delaware at the date and time set forth below. This Subpoena has been issued to you pursuant to 29 *Del. C.* §§ 2504(4) and 2508(a). The Subpoena relates to an investigation by the Fraud and Consumer Protection Division of the Delaware Department of Justice regarding possible violations of 10 *Del. C.* § 3930, 10 *Del. C.* ch. 71, 11 *Del. C.* §§ 603, 604, 1301, and 1322, and/or other laws.

You are required to produce the documents and information listed herein (pursuant to the format outlined in the Production Guidelines attached to the Subpoena) by **March 17, 2023** to the attention of Paralegal Michele Porter at Michele.Porter@delaware.gov or to:

Michele Porter
Delaware Department of Justice
Carvel State Building
820 N. French St.
Wilmington, DE 19801

## ** PLEASE INCLUDE A CERTIFICATION OF RECORDS **

Your obligation to produce documents under this Subpoena is a continuing one.  If you later discover additional documents and information responsive to this Subpoena or the attached schedule you must supplement your response as soon as reasonably possible.

You have the right to be represented by counsel in this matter.

**If you believe that the production of documents and information required by this Subpoena would be unduly burdensome, or if you require clarification of any document request, please**

**contact Deputy Attorney General Owen Lefkon at** Owen.Lefkon@delaware.gov
**302.683.8888 within ten (10) days of receipt of this Subpoena.**

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

                                        **Kathleen Jennings**
                                        ATTORNEY GENERAL

              BY:   _____

                                        **Owen Lefkon**
                                        Deputy Attorney General

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

## I.   DEFINITIONS

These requests for documents and information (collectively, the "**Requests**") shall be and interpreted in accordance with the definitions and instructions set forth herein, including:

1.   **"Christiana Store"** means the Cabela's store located at 1100 Christiana Mall #1410, Newark, DE 19702.

2.   "**Communication**" means any conversation, discussion, letter, email, memorandum, meeting, note, or other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means, and shall include any document that abstracts, digests, transcribes, records, or reflects any of the foregoing, as well as any audio or video recordings.

3.   "**Document**" is used here in the broadest sense of the term and includes any originals and all records and other tangible media of expression of whatever nature however and wherever created, produced, or stored (manually, mechanically, electronically or otherwise), or any other written, recorded, transcribed, or graphic matter of which you have or have had possession, custody, or control, or of which you can obtain from a third party. **The term "Document" includes electronically stored information ("ESI")** which means any information that is stored electronically on enumerable types of media regardless of the original format in which it was created.

4.   "**Policies**" means the policies of Cabela's, including without limitation policies, procedures, and other guidance issued by Cabela's or an employee of Cabela's with management authority.   The term "Policies" also includes without limitation Documents maintained in a compliance management system.

5.   "**Production Guidelines**" means the appended document attached hereto setting forth the parameters for producing all Documents responsive to this Subpoena.

6.   "**Respondent**," "**You**," "**Your**" or "**Cabela's**" means Cabela's Inc., BPS Direct, L.L.C. (d/b/a Bass Pro Shops), Great Outdoors Group, LLC, Great American Outdoors Group, LLC, and any of their predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

7.   "**Time Period**" means the time period set forth in Instruction 7.

## II.   INSTRUCTIONS

1.   <u>Possession, Custody and Control</u>.   You must preserve and promptly produce all responsive Documents currently in Your possession, custody, or control and/or acquired by You after your initial production of responses.   With respect to the Requests, produce all described Documents in Your possession, custody, or control without regard to the person or persons by whom or for whom the Documents were prepared (*e.g.*, employees, agents, business partners, or others). If responsive Documents are in Your control, but not in Your possession or custody, You shall promptly identify when the Document was most recently in Your possession, custody, or control, what disposition was made of it, the date and reason(s) for such disposition, and the name, address, and telephone number of the person who presently has possession, custody, or control of the Document.

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

2.     <u>Preservation of Relevant Documents; Spoliation.</u>   You are reminded of your obligations under law to preserve Documents relevant or potentially relevant to this Subpoena from destruction or loss, and of the consequences of, and penalties available for, spoliation of evidence. You are advised that ESI, in particular, is susceptible to modification or deletion during the collection process and You must take reasonable steps to ensure the preservation of any such ESI that is or may be relevant or potentially relevant to this Subpoena. No agreement, written or otherwise, purporting to modify, limit or otherwise vary the terms of this Subpoena, shall be construed in any way to narrow, qualify, eliminate, or otherwise diminish Your aforementioned preservation obligations, nor shall You act in reliance upon any such agreement or otherwise in any manner inconsistent with Your preservation obligations under law, unless the Deputy Attorney General executing this Subpoena confirms or acknowledges such agreement in writing, or makes such agreement a matter of record in open court.

3.     <u>Format of Production.</u>   You shall produce Documents responsive to the Subpoena in the format outlined in the **Production Guidelines** attached hereto. You shall also include a cover letter as more fully detailed in the **Production Guidelines** attached hereto.

4.     <u>Document Destroyed, Altered or Otherwise Changed.</u> If a responsive Document has been destroyed, altered, or otherwise changed:

    a.  identify the person who destroyed, altered, or otherwise changed the Document and any person who directed that the Documents be destroyed, altered, or otherwise changed;

    b.  identify the reason(s) the Documents were destroyed, altered, or otherwise changed;

    c.  identify any communication or Document(s) which relate to the destruction, alteration, or change of the Documents; and

    d.  identify all persons with knowledge of any portions of the contents of the responsive Documents.

5.     <u>Privilege.</u>   If any responsive Document is withheld on ground of privilege or other legal doctrine, You must provide a privilege log.

6.     <u>Continuing Obligation to Produce.</u>   This Subpoena imposes a continuing obligation to produce the Documents requested.  Documents located, and information learned or acquired, at any time after Your response is due shall be promptly produced in accordance with this Subpoena.

7.     <u>Time Period:</u> The relevant time period for the purposes of this Subpoena is January 1, 2018 through present, except where a longer time period is noted.

8.     **Complete the attached Certification of Records and include it in the subpoena response**.

## III.   DOCUMENTS TO BE PRODUCED

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

1. Documents sufficient to identify the name, title, and contact information for each person who assisted in preparing Your response to this Subpoena, and for each such person, the number of each Request with which such person assisted.

2. All previous and current Cabela's Policies applicable to the Christiana Store addressing in any part any of the following topics: loss prevention; security; ammunition sales; ammunition displays; communications with federal, state, or local law enforcement; or discipline or treatment of employees who attempt to engage with, pursue, apprehend, or otherwise interact with a shoplifter.

3. All Cabela's Policies relating to the placement of ammunition in a store, including without limitation the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) within 100 miles of the Christiana Store.

4. All inventory records for ammunition in the Christiana Store, including without limitation any records of inventory loss or discrepancies, and the name of each person creating the record or performing the inventory recorded, whether a Cabela's employee, a vendor, or otherwise.

5. Documents sufficient to identify loss rates for the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) within 100 miles of the Christiana Store, broken down on a departmental basis or any other manner in which records are retained, including without limitation the loss rates for ammunition (or, if not maintained on a product-specific basis, for the department in which ammunition is sold) compared to loss rates for the entire store.

6. Documents sufficient to identify each known instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation all loss prevention records and reports, police reports, internal memoranda, or other similar documents.

7. All Documents containing or identifying any requests from or responses to employees for enhanced security related to ammunition.

8. All Documents containing any video footage capturing any events surrounding any of the instances identified pursuant to Request 6, inclusive of all video footage of a suspected perpetrator and the response by employees to the relevant instance.

9. All Documents relating to the deletion of any video footage capturing the events surrounding any of the instances identified pursuant to Request 6, including without limitation those required by Instruction 4.

10. Documents sufficient to identify the layout, capabilities, schematics, and coverage of any loss prevention technology in the Christiana Store, including without limitation any video surveillance system, along with documents sufficient to identify any changes or adjustments made to the foregoing during the Time Period.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

11. All Policies and other Documents relating to collection, monitoring, and retention all surveillance or security video at the Christiana Store.

12. All Communications discussing in any manner any instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation internal reports, messages, law-enforcement outreach or follow-up, loss prevention investigations, or otherwise.

13. All Communications to, with, or from an employee of the Christiana Store discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

14. All Communications to, with, or from an executive officer, corporate employee, or other non-retail employee of Cabela's discussing Cabela's Policies related to ammunition sales, including without limitation the placement of ammunition within a store, security procedures with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

15. Documents sufficient to identify the names, titles, employment dates, phone numbers, and email addresses for any management personnel at the Christiana Store.

16. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for loss prevention officers and security personnel.

17. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for personnel who work in or are assigned to the hunting or gun departments in any of its stores.

18. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for any loss prevention officers and security personnel at the Christiana Store.

19. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for all current and previous personnel who worked in the hunting or gun departments at the Christiana Store in any capacity.

20. Documents containing the personnel records for any person identified in response to request 19 who was fired, terminated, discharged, or asked or permitted to resign in lieu of firing, termination, or discharge.

21. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving loss prevention policies.

22. Documents sufficient to identify the name, title, and contact information for each corporate employee responsible for establishing, reviewing, or approving ammunition sales policies and practices.

**CERTIFICATION OF RECORDS**

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

This document is intended to meet the requirements set forth in the Delaware Rules Evidence, Rules 803(6), 902(8), (11) and (12) addressing certified records of regularly conducted activity.

I swear or affirm, to the best of my knowledge and belief, that each of the following is true regarding the attached records:

1.  I am familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities with the below organization;

2. These records were made at or near the time the matters set forth therein occurred, or were made by or from information transmitted by, a person with knowledge of those matters;

3. These records were kept in the course of regularly conducted activity; and

4. It was the regular practice of the organization to make and preserve these records of regularly conducted activity.

Organization


| Signature | Date |
|---|---|
| Print or Type Name | Title |
| Business Telephone | Business Address |

The attached records consist of _____ pages with production numbers ___ to _____.

SWORN TO AND SUBSCRIBED BEFORE ME this _____day of _____, 20_____

_____
**Notary Public**

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**DELAWARE DEPARTMENT OF JUSTICE**
**FRAUD AND CONSUMER PROTECTION DIVISION**

<u>**PRODUCTION GUIDELINES**</u>

<u>**Preliminary Statements:**</u>

- Electronic and hard-copy Documents will be produced in electronic format as set forth below.

- **Before using any software or technology (including but not limited to search terms, technology assisted review, predictive coding, deduplication) to identify or eliminate Documents potentially responsive to the foregoing Subpoena, prior approval by the Deputy Attorney General who signed the Subpoena must be provided.**

- **Any proposed file formats other than those described below must be discussed and approved in advance by the Deputy Attorney General who signed the Subpoena.**

- Failure to comply with these Guidelines may result in adverse legal action against you to compel compliance herewith.

- All definitions in the foregoing Subpoena shall be carried over in these Guidelines.

<u>**General Guidelines & Instructions:**</u>

- These Production Guidelines are based on the guidelines of the District of Delaware and the Chancery, Superior and Supreme Courts of the State of Delaware.

- Every production shall include a cover letter to include: 1) identification of each type of media included in the production; 2) a list of custodians, identifying the production number range for each custodian; 3) the production number range for each paragraph number of the Subpoena Request to which the production number range is responsive to; and 4) any passwords required to access the production. If the production includes Adobe PDF files then the cover letter shall include a statement that those Adobe PDF files contain Documents that are maintained in Adobe PDF form in the ordinary course of business.

- **Electronic and hard copy Documents shall be produced in electronic image format with corresponding load file entry and document-level text. The extracted text should be provided for electronic Documents. OCR will be provided for scanned hard-copy Documents as well as redacted Documents.**

- **All document productions must contain the following files: (i) Images; (ii) Data; (iii) Native; and (iv) Text, all as explained more fully below.**
- Produce all Documents on either a CD, DVD, thumb drive, external hard drive, or via a secure file transfer (acceptable to the Fraud and Consumer Protection Division) that has

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

been labeled with the applicable case number, date of the production, identification of producing party, and the production number range;

- All productions must be produced free of computer viruses and using industry standard self-extracting encryption software;

- Produce all attachments, enclosures or exhibits to responsive Documents in a manner which maintains the parent/child relationship of the Documents, with children files following parent files sequentially in the production numbering;

- Produce Documents in the order in which they were maintained in Your electronic and hard copy files, in (or identified with) copies of their original file folders, labeled with the folder's original file labels, *i.e.* memoranda that have attachments should not be separated from each other;

- Produce all Documents organized by custodian, with clear identification of each such custodian;

- **An Adobe PDF file is not considered a native file unless the Document was initially created as a PDF**;

- Provide a key of all abbreviations used in the Documents or information and attach the key to the corresponding Documents;

- If You intend to de-duplicate your production, the custodian of any de-duplicated Document must be identified in the All Custodians metadata field;

- All Documents should be produced in unredacted form, except for appropriate redactions of privileged or confidential information.   If You make any redaction, such redaction must be clearly marked and the reason for the redaction must be given; and

- For each Document withheld on ground of privilege or other legal doctrine, You shall insert one or more placeholder page(s) in the production bearing the same production number(s) borne by the Document withheld, in the sequential place(s) originally occupied by the Document before it was removed from the production.   If You are withholding any Documents on the grounds of privilege, You must produce a privilege log in Your response.

**<u>Delivery Formats:</u>**

Document productions will contain the follow components:

- Data (DAT and OPT Files)
- Images
- Natives
- Text

*Data Files*

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

All Documents shall be produced in a data file (.DAT) that contains all of the fielded information that will be loaded into the database.   An associated Opticon or OPT image load file entry will also be supplied for each Document.

- The Begin Bates number is the unique identifier for all Documents and should be named consistently in the DAT file, Images, Natives and Text Files;

- All production numbers (Begin Bates, End Bates, Begin Attachment, End Attachment) consist of a prefix and an eight digit numeric (example, ABC00000001);

- Scanned hard copy Documents should include production number information (Begin Bates, End Bates, Begin Attachment, End Attachment), custodian(s) and the path (text precedence field) for the OCR text; and

- Date and time fields should be provided in the format: mm/dd/yyyy, 12:00:00 UTC.


.DAT File Delimiters:

Field Separator (ASCII: 0020)
Quote (ASCII: 0254)
Multi-Entry Delimiter (ASCII: 0059)
<Return> Value in Data (ASCII: 0174)


The .DAT File will contain the following metadata fields:

| | |
|---|---|
| Begin Bates | Beginning production number |
| End Bates | Ending production number |
| Begin Attachment | Beginning attachment number used to indicate parent Document to their attachments |
| End Attachment | Ending attachment number used to indicate parent Document to their attachments |
| Image Page Count | Number of images or pages in the Document |
| Response Number | Number of the Subpoena Request to which the Document is responsive |
| Custodian | Name of the person or entity that created, controlled or possessed the Document |
| All Custodians | Used to identify persons or entities who possessed identical copies of Document |
| From | Sender of the Document |
| Email To | Recipient(s) of the Document |
| Email CC | Person(s) who received a copy of the email |
| Email BCC | Person(s) who received a blind copy of the email |
| Email Subject | The subject line of the email |
| Conversation Index | Value created by Microsoft Exchange/Outlook to indicate email thread information |
| Author | Author metadata field populated from electronic file |

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

| Sent Date/Time* | Date and time that the email was sent (UTC).   Format example, 4/5/2017 12:00:00 AM |
|---|---|
| Received Date/Time* | Date and time that the email was received (UTC).   Format example, 4/5/2017 12:00:00 AM |
| Created Date/Time* | Date and time that the file was created (UTC).   Format example, 4/5/2017 12:00:00 AM |
| Last Modified Date/Time* | Date and time that the file was last modified (UTC).   Format example, 4/5/2017 12:00:00 AM |
| Meeting Start Date/Time* | Starting date and time on a calendar item (UTC).   Format example, 4/5/2017 12:00:00 AM |
| Record Type | Indicates record type (Email, Attach, Edoc, Scan) |
| MD5 Hash | Algorithm value used to identify a file and its duplicates |
| File Extension | File type extension (i.e., .pdf, .xlsx, .docx) |
| File Name | Name of the electronic file |
| File Size | Size of the electronic file in kb |
| Source Path | The originating electronic folder path of the file |
| Production Redaction | Indicates that the file contains redactions –   field value "Has Redactions" |
| Production Confidential | Indicates that the document is classified as Confidential |
| Text Precedence | Path for produced extracted text/OCR file |
| FILE_PATH | Path for produced native file |

*UTC – Coordinated Universal Time

*Image Files*
- For each Document entry in the .DAT file, a corresponding image entry should be provided in the Opticon or OPT File;

- Image file names must be unique, match the production number of the page and should not contain any blank spaces;

- Production numbers will be endorsed on the lower right corner of the image/page with a prefix and an eight (8) digit numeric (example - ABC00000001);

- The endorsed production number cannot obliterate, conceal, or interfere with any information on the production Document;

- Black and white images must be produced as a single-page Group IV TIFF (1 bit);

- Color images must be produced as a single-page JPEG; if the original Document contains color, a color JPEG should be provided;

- The confidentiality legend will be endorsed on the lower left corner of the image/page; and

- TIFF-image placeholders may be inserted in production for each of the classifications listed below.   A corresponding text Document will also be provided.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

- Produced in native format
- Privilege Document
- Non-responsive Document
- Password-protected Document
- Document cannot be imaged
- Damaged/corrupt Document
- Media Document

*Native Files*
- Native format files will be provided for Excel or spreadsheet Documents without redaction, media (audio/video) files or any case-specific or specialized applications whose output is difficult to image;

- The file name of native format files will indicate the production number;

- A TIFF-image placeholder will be inserted into the image production with a corresponding entry in the image OPT load file;

- The TIFF-image placeholder will be endorsed as "Produced in native format" and any confidentiality designation; and

- A document-level extracted text file will be provided for each native file.

*Text Files*
- Document-level extracted text or OCR text will be provided for each Document including native Documents;

- Extracted text will be provided electronic Documents; OCR text will be provided for redacted and scanned Document;

- In order to properly display CJK characters, text provided will be in Unicode format (typically UTF-8, not ASCII); and

- For each image placeholder, a corresponding text Document will be created to reflect its classification.

  - Produced in native format.  *Note:   Extracted text for the native Document will be provided*
  - Privilege Document
  - Non-responsive Document
  - Password-protected Document
  - Document cannot be imaged
  - Damaged/corrupt Document
  - Media Document

Below is an example of the production volume structure:
PROD001

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

- DATA
  - PROD001.DAT
  - PROD001.OPT
- IMAGES
  - PROD00000001.tif
  - PROD00000002.jpg
  - PROD00000003.tif
  - PROD00000004.tif
  - PROD00000005.tif
- NATIVE
  - PROD00000003.XLSX
  - PROD00000004.WAV
  - PROD00000005.XLSX
- TEXT
  - PROD00000001.txt
  - PROD00000003.txt
  - PROD00000004.txt
  - PROD00000005.txt

*Note: In the foregoing example, pages 1 and 2 form a single Document, hence the example under TEXT.*

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# Exhibit D

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**BEFORE THE ATTORNEY GENERAL**
**OF THE STATE OF DELAWARE**

| | |
|---|---|
| IN THE MATTER OF:<br><br>AN INVESTIGATION BY THE FRAUD AND CONSUMER PROTECTION DIVISION OF THE DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE | No. IL-2023-01-A |

**GREAT AMERICAN OUTDOORS GROUP, LLC'S**
**RESPONSES AND OBJECTIONS TO SUBPOENA DUCES TECUM**
**FROM DELAWARE ATTORNEY GENERAL'S OFFICE**

Respondent Great American Outdoors Group, LLC received a revised subpoena *duces tecum* on March 3, 2023 (the "Revised Subpoena"), purportedly pursuant to  29 *Del. C.* §§ 2504(4) and 2508(a), that "relates to an investigation by the Fraud and Consumer Protection Division of the Delaware Department of Justice regarding possible violations of 10 *Del. C.* § 3930, 10 *Del. C.* ch. 71, 11 *Del. C.* §§ 603, 604, 1301, and 1322, and/or other laws."  The Revised Subpoena follows the original subpoena issued to Great American Outdoors Group, LLC on February 15, 2023 (the "Original Subpoena"), which relied only on 10 *Del. C.* § 3930. After an objection to the Original Subpoena was sent on March 2, 2023, the Revised Subpoena added the additional irrelevant statutes.  The Great American Outdoors Group, LLC, by and through its attorneys, hereby responds and objects to the Revised Subpoena as follows:

**GENERAL OBJECTIONS**

1.      Great American Outdoors Group, LLC objects to the definitions in the Revised Subpoena of "**Respondent**," "**You**," "**Your**" or "**Cabela's,**" which encompasses "all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

the foregoing, or any other persons associated with or acting on behalf of the foregoing, or ac

on behalf of any predecessors, successors, or affiliates of the foregoing," as overbroad as it

requests documents and/or information that is not in Respondent's possession, custody, or

control.

    2.    Great American Outdoors Group, LLC objects to the Delaware Department of

Justice's refusal to postpone the return date of the Revised Subpoena pending a decision on a

motion for preliminary injunction in *National Shooting Sports Foundation v. Jennings*, C.A. No.

1:22-cv-01499-RGA (D. Del.) ("Delaware P.I. Motion"), which will decide the validity of the

statute on which the Revised Subpoena is largely based, even though Respondent requested such

an extension.

    A preliminary injunction was granted to enjoin the enforcement of a substantially similar

statute as the Revised Subpoena is primarily based on, by the U.S. District Court for the District

of New Jersey, in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J.

Jan. 31, 2023) ("New Jersey P.I. Decision").  The hearing on the Delaware P.I. Motion was held

after the N.J. Injunction and after the appeal of that injunction to the U.S. Court of Appeals for

the Third Circuit.  The federal judge who granted the N.J. Injunction refused a request for a stay

pending appeal.

    The federal judge hearing the Delaware P.I. Motion asked the Delaware Attorney

General's Office at the hearing on the Delaware P.I. Motion if the Delaware A.G. would refrain

from enforcing the challenged statute (on which the Original Subpoena was entirely based, and

the Revised Subpoena is primarily based) in light of the N.J. Injunction of the substantially

similar statute—until either a decision on the Delaware P.I. Motion or a discussion by the Third

Circuit on the appeal of the N.J. Injunction.  The Delaware A.G.'s Office rejected the Court's

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

"suggestion."  *See* attached letter to Court dated March 10, 2023, *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.), D.I. 36.

3.      Respondent objects to the Requests to the extent they seek documents containing or constituting trade secrets, confidential business or other proprietary information.

4.      Respondent objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work product protection, or any other applicable privilege or protection.

5.      Respondent objects to the Requests to the extent they call for production of documents that would constitute an invasion of the right to privacy of third parties.

6.      Respondent objects to the Requests to the extent they call for documents and/or information that is not in Respondent's possession, custody or control.

7.      Respondent objects to Definition No. 7 for "Time Period" and Instruction No. 7 relating to "Time Period" because a 5-year time period is overly broad and unduly burdensome, particularly given the effective date of 10 *Del. C.* § 3930.

8.      Respondent objects to the Instructions to the extent that they impose obligations greater than or different from those under the Federal Rules of Procedure and the applicable Rules and Orders of the Delaware courts.  For example, Respondent objects to Instruction No. 1 to the extent it imposes an obligation greater than or different from those under the Federal Rules of procedure and the applicable Rules and Orders of the Delaware courts, by requiring Respondent "identify when the Document was most recently in Your possession, custody, or control, what disposition was made of it, the date and reason(s) for such disposition, and the name, address, and telephone number of the person who presently has possession, custody, or control of the Document."  As another example, Respondent objects to Instruction No. 4 as

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

imposing an obligation greater than or different from those under the Federal Rules of proced

and the applicable Rules and Orders of the Delaware courts by requiring Respondent to, "[i]f a

responsive Document has been destroyed, altered, or otherwise changed," "a. identify the person

who destroyed, altered, or otherwise changed the Document and any person who directed that the

Documents be destroyed, altered, or otherwise changed; b. identify the reason(s) the Documents

were destroyed, altered, or otherwise changed; c. identify any communication or Document(s)

which relate to the destruction, alteration, or change of the Documents; and d. identify all

persons with knowledge of any portions of the contents of the responsive Documents."

## SPECIFIC OBJECTIONS AND RESPONSES

1. Documents sufficient to identify the name, title, and contact information for each

person who assisted in preparing Your response to this Subpoena, and for each such person, the

number of each Request with which such person assisted.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC objects to this request to the extent the State

Department of Justice ("DOJ") is seeking documents under 10 *Del. C.* § 3930, the enforceability

of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A.

No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to

this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S.

District Court for the District of New Jersey recently issued a decision in *National Shooting*

*Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I.

Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New

Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court

of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American

Outdoors Group, LLC further objects to this request on the grounds that it is harassing and

unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently

being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A.

2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal

regarding the enforceability of N.J.S.A. 2C:58-35.

Subject to the foregoing general and specific objections, after having performed a diligent

and reasonable search, Great American Outdoors Group, LLC produced non-privileged,

responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a

confidentiality agreement, and made substantial changes to the layout of its Delaware store after

a telephonic meet-and-confer with the Delaware Department of Justice.


2. All previous and current Cabela's Policies applicable to the Christiana Store

addressing in any part any of the following topics: loss prevention; security; ammunition sales;

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

ammunition displays; communications with federal, state, or local law enforcement; or discip

or treatment of employees who attempt to engage with, pursue, apprehend, or otherwise interact

with a shoplifter.

      **RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

      Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

125231636.1

6

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as not reasonably limited in scope or time.

Great American Outdoors Group, LLC further objects to this request as overbroad because it is not reasonably limited in time and calls for materials unrelated to this matter.  For instance, this request asks for <u>all</u> previous and current policies regardless of the effective date of 10 *Del. C.* § 3930.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For instance, this request asks for all policies on "loss prevention; security; . . . communications with federal, state, or local law enforcement; or discipline or treatment of

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

employees who attempt to engage with, pursue, apprehend, or otherwise interact with a shoplifter," regardless of department or merchandise category.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

3. All Cabela's Policies relating to the placement of ammunition in a store, including without limitation the Christiana Store and any other Cabela's store (including without limitation Bass Pro Shops) *within 100 miles of the Christiana Store.* (emphasis added).

**RESPONSE:** The Great American Outdoors Group, LLC incorporates its General Objections herein by reference. The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023. In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference. Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023. Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this Request as vague and ambiguous as the phrase "placement of ammunition" is undefined.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

125231636.1

8

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the ext

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District Court of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a

substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the

enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as unenforceable,

overbroad, and calling for materials unrelated to this matter to the extent it seeks policies within

100 miles of the Christiana Store, which includes Great American Outdoors Group, LLC's

places of business located outside of Delaware and outside the scope of the powers, duties, and

legal authorities of the DOJ.  Thus, this request seeks information that is neither relevant nor

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

4. All inventory records for ammunition in the Christiana Store, including without limitation any records of inventory loss or discrepancies, and the name of each person creating the record or performing the inventory recorded, whether a Cabela's employee, a vendor, or otherwise.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad to the

extent it seeks information relating to all inventory, including inventory that was sold.  Thus, this

request seeks information that is neither relevant nor proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Subject to the foregoing general and specific objections, after having performed a dili

and reasonable search, Great American Outdoors Group, LLC produced certain non-privileged,

responsive data and documents regarding ammunition shrink rates on April 12, 2023 and May

19, 2023, pursuant to a confidentiality agreement.

5. Documents sufficient to identify loss rates for the Christiana Store and any other

Cabela's store (including without limitation Bass Pro Shops) *within 100 miles of the Christiana

Store*, broken down on a departmental basis or any other manner in which records are retained,

including without limitation the loss rates for ammunition (or, if not maintained on a product-

specific basis, for the department in which ammunition is sold) compared to loss rates for the

entire store. (emphasis added).

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RG

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

  Great American Outdoors Group, LLC further objects to this request as unenforceable,

overbroad, and calling for materials unrelated to this matter to the extent it seeks policies within

100 miles of the Christiana Store, which includes Great American Outdoors Group, LLC places

of business located outside of Delaware and outside the scope of the powers, duties, and legal

authorities of the DOJ.  Thus, this request seeks information that is neither relevant nor

proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  For instance, this request asks for documents and/or information on "loss rates," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information loss rates of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced non-privileged, responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

6. Documents sufficient to identify each known instance of stolen or unaccounted-for ammunition at the Christiana Store, including without limitation all loss prevention records and reports, police reports, internal memoranda, or other similar documents.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for

documents and or information protected by attorney-client privilege or the work-product

doctrine.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and

unduly burdensome to the extent it seeks information relating to "***each*** known instance of stolen

or unaccounted-for ammunition at the Christiana Store" and "***all*** loss prevention records and

reports, police reports, internal memoranda, or other similar documents."  Thus, this request

seeks information that is neither relevant nor proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative

125231636.1

16

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Subject to the foregoing general and specific objections, after having performed a diligent

and reasonable search, Great American Outdoors Group, LLC produced certain non-privileged,

responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a

confidentiality agreement.


7. All Documents containing or identifying any requests from or responses to employees

for enhanced security related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the ext

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as

unenforceable and overbroad to the extent it seeks  responses from non-residents who are

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware.  Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for documents and or information protected by attorney-client privilege or the work-product doctrine.

Great American Outdoors Group, LLC further objects to this request as overbroad to the extent it seeks information relating to "***any*** requests from or responses to employees for enhanced security related to ammunition."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as unduly burdensome because Great American Outdoors Group, LLC and its subsidiaries operate over 150 retail stores nationwide and, within the specified "Time Period," employed thousands of persons.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

125231636.1

19

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

8. All Documents containing any video footage capturing any events surrounding any the instances identified pursuant to Request 6, inclusive of all video footage of a suspected perpetrator and the response by employees to the relevant instance.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  In addition, the Great American Outdoors Group, LLC incorporates its objections to Request No. 6 herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023. Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

125231636.1

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.


9. All Documents relating to the deletion of any video footage capturing the events

surrounding any of the instances identified pursuant to Request 6, including without limitation

those required by Instruction 4.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  In addition, the Great American Outdoors Group, LLC

incorporates its objections to Request No. 6 herein by reference.  The Fraud and Consumer

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Protection Division of the Department of Justice of the State of Delaware issued the Original

Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided

initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by

reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the

Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.

Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the

objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added

additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this Request as vague and ambiguous as

the phrase "deletion of any video footage" is undefined.  Great American Outdoors Group, LLC

further objects to this Request to the extent it implies that Great American Outdoors Group, LLC

had a duty to preserve such footage during the specified "Time Period."

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Respondent objects to Instruction No. 4 as imposing an obligation greater than or different from those under the Federal Rules of procedure and the applicable Rules and Orders of the Delaware courts by requiring Respondent to, "[i]f a responsive Document has been destroyed, altered, or otherwise changed," "a. identify the person who destroyed, altered, or otherwise changed the Document and any person who directed that the Documents be destroyed, altered, or otherwise changed; b. identify the reason(s) the Documents were destroyed, altered, or otherwise changed; c. identify any communication or Document(s) which relate to the destruction, alteration, or change of the Documents; and d. identify all persons with knowledge of any portions of the contents of the responsive Documents."

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.

125231636.1

23

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

10. Documents sufficient to identify the layout, capabilities, schematics, and coverage of any loss prevention technology in the Christiana Store, including without limitation any video surveillance system, along with documents sufficient to identify any changes or adjustments made to the foregoing during the Time Period.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly

overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The

information sought is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  For instance, this request asks for "the layout, capabilities, schematics, and

coverage of any loss prevention technology," regardless of department or merchandise category.

Thus, as an example, this request encompasses "layout, capabilities, schematics, and coverage of

any loss prevention technology" with respect to fishing reels and rods, tackle boxes, lures,

kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes,

etc.  For example, regarding life jackets and kayaks, there is no justification for the DOJ's

fishing expedition for documents and/or information about these innocuous items.

Great American Outdoors Group, LLC also objects to this request to the extent it calls

for documents and or information protected by attorney-client privilege or the work-product

doctrine.

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Based on the foregoing general and specific objections, Great American Outdoors Group

LLC will not produce documents in response to this request.


11. All Policies and other Documents relating to collection, monitoring, and retention of

all surveillance or security video at the Christiana Store.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will h[...]

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for

documents and or information protected by attorney-client privilege or the work-product

doctrine.

 Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.

125231636.1

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

12. All Communications discussing in any manner any instance of stolen or unaccoun

for ammunition at the Christiana Store, including without limitation internal reports, messages,

law-enforcement outreach or follow-up, loss prevention investigations, or otherwise.

**RESPONSE:** The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "*[a]ll* Communications" discussing in *any* manner *any* instance of stolen or unaccounted-for ammunition at the Christiana Store."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC also objects to this request to the extent it cal

for documents and or information protected by attorney-client privilege or the work-product

doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group,

LLC will not produce documents in response to this request.


13. All Communications to, with, or from an employee of the Christiana Store discussing

Cabela's Policies related to ammunition sales, including without limitation the placement of

ammunition within a store, security procedures with respect to the theft of ammunition, and loss

prevention practices or policies related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

125231636.1

30

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the ext

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.*

*Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and

unduly burdensome to the extent it seeks information relating to "*[a]ll* Communications." Thus,

this request seeks information that is neither relevant nor proportional to the needs of the case,

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.

Great American Outdoors Group, LLC further objects to this request as overbroad and

unduly burdensome to the extent it seeks information relating to "ammunition sales."  Thus, this

request seeks information that is neither relevant nor proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.  For example, this Request encompasses communications on

stocking ammunition, pricing ammunition, discounting ammunition, and other topics unrelated

to the loss and/or theft of ammunition.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for

documents and or information protected by attorney-client privilege or the work-product

doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group,

LLC will not produce documents in response to this request.


14. All Communications to, with, or from an executive officer, corporate employee, or

other non-retail employee of Cabela's discussing Cabela's Policies related to ammunition sales,

including without limitation the placement of ammunition within a store, security procedures

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

with respect to the theft of ammunition, and loss prevention practices or policies related to ammunition.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome,

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the State of Delaware.  Thus, Great American Outdoors Group, LLC further objects to this request as unenforceable and overbroad to the extent it seeks communications with non-residents who are employed outside of Delaware, may have never even stepped foot in Delaware, and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located outside of Delaware.  Thus, this request seeks documents and/or information that is outside the scope of the powers, duties, and legal authorities of the DOJ.

Great American Outdoors Group, LLC further objects to this request as overbroad and unduly burdensome to the extent it seeks information relating to "ammunition sales."  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case,

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.  For example, this Request encompasses communications on

stocking ammunition, pricing ammunition, discounting ammunition, and other topics unrelated

to the loss and/or theft of ammunition.

Great American Outdoors Group, LLC also objects to this request to the extent it calls for

documents and or information protected by attorney-client privilege or the work-product

doctrine.

Based on the foregoing general and specific objections, Great American Outdoors Group,

LLC will not produce documents in response to this request.


15. Documents sufficient to identify the names, titles, employment dates, phone numbers,

and email addresses for any management personnel at the Christiana Store.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

likely benefit.  For instance, this request asks for documents and/or information on "management personnel," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information on management personnel who manage the sale of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group, LLC will not produce documents in response to this request.


16. Documents sufficient to identify and describe all qualifications, experience, or credentials that Cabela's requires for loss prevention officers and security personnel.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General Objections herein by reference.  The Fraud and Consumer Protection Division of the Department of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

  Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

  Great American Outdoors Group, LLC further objects to this request because it is vastly

overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The

information sought is neither relevant nor proportional to the needs of the case, considering the

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  For instance, this request asks for documents and/or information on the

"qualifications, experience, or credentials" of "loss prevention officers and security personnel,"

regardless of department or merchandise category.  Thus, as an example, this request

encompasses documents and/or information on the qualifications, experience, or credentials of

loss prevention officers and security personnel responsible for loss prevention or security with

respect to fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents,

sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware and its subsidiaries operate over 150 retail stores nationwide. Thus, Great

American Outdoors Group, LLC further objects to this request as unenforceable and overbroad

to the extent it seeks documents and information relating to the qualifications, experience, or

credentials of non-residents who are employed outside of Delaware, may have never even

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

stepped foot in Delaware, and are not officers or directors of Delaware entities subject to

Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located

outside of Delaware.  Thus, this request seeks documents and/or information that is outside the

scope of the powers, duties, and legal authorities of the DOJ.

Subject to the foregoing general and specific objections, after having performed a diligent

and reasonable search, Great American Outdoors Group, LLC produced non-privileged,

responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a

confidentiality agreement..


17. Documents sufficient to identify and describe all qualifications, experience, or

credentials that Cabela's requires for personnel who work in or are assigned to the hunting or

gun departments *in any of its stores*. (emphasis added).

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC does not maintain a corporate headquarters in

State of Delaware and its subsidiaries operate over 150 retail stores nationwide. Thus, Great

American Outdoors Group, LLC further objects to this request as unenforceable and overbroad

to the extent it seeks documents and information relating to the qualifications, experience, or

credentials of non-residents who are employed outside of Delaware, may have never even

stepped foot in Delaware,  and are not officers or directors of Delaware entities subject to

Delaware jurisdiction.  In addition, this request is overbroad because it seeks documents located

outside of Delaware.  Thus, this request seeks documents and/or information that is outside the

scope of the powers, duties, and legal authorities of the DOJ.

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.


18. Documents sufficient to identify the names, titles, employment dates, phone numbers,

email addresses, and job descriptions for any loss prevention officers and security personnel at

the Christiana Store.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

letter with respect to the Revised Subpoena and added additional objections, which are incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA (D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the District of New Jersey recently issued a decision in *National Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC further objects to this request on the grounds that it is harassing and unduly burdensome, particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The information sought is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

likely benefit.  For instance, this request asks for documents and/or information on "loss prevention officers and security personnel at the Christiana Store," regardless of department or merchandise category.  Thus, as an example, this request encompasses documents and/or information on any loss prevention officers and security personnel at the Christiana Store responsible for loss prevention or security of fishing reels and rods, tackle boxes, lures, kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes, etc.

Great American Outdoors Group, LLC further objects to this request as overbroad because it asks for documents and/or information from January 1, 2018 to the present, even though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to the foregoing general and specific objections, after having performed a diligent and reasonable search, Great American Outdoors Group, LLC produced non-privileged, responsive data and documents on April 12, 2023 and May 19, 2023, pursuant to a confidentiality agreement.

19. Documents sufficient to identify the names, titles, employment dates, phone numbers, email addresses, and job descriptions for all current and previous personnel who worked in the hunting or gun departments at the Christiana Store in any capacity.

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceabilit[y]

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it is not reasonably limited in time and calls for materials unrelated to this matter.  For

instance, this request ask for all current and previous personnel regardless of the effective date of

10 *Del. C.* § 3930.  Thus, this request seeks information that is neither relevant nor proportional

to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group,

LLC will not produce documents in response to this request.


20. Documents containing the personnel records for any person identified in response to

request 19 who was fired, terminated, discharged, or asked or permitted to resign in lieu of firing,

termination, or discharge.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  In addition, the Great American Outdoors Group, LLC

incorporates its objections to Request No. 19 herein by reference.  The Fraud and Consumer

Protection Division of the Department of Justice of the State of Delaware issued the Original

Subpoena on February 15, 2023.  In response, Great American Outdoors Group, LLC provided

initial objections to the Original Subpoena on March 2, 2023, which are incorporated herein by

reference.  Upon receiving these objections, the Fraud and Consumer Protection Division of the

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

Department of Justice of the State of Delaware issued the Revised Subpoena on March 3, 202

Thereafter, by letter of March 17, 2023, Great American Outdoors Group, LLC renewed the

objections lodged in its March 2, 2023 letter with respect to the Revised Subpoena and added

additional objections, which are incorporated herein by reference.

     Respondent objects to this Request to the extent it seeks confidential employment

information and would constitute an invasion of the right to privacy of third parties.

     Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

     Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Based on the foregoing general and specific objections, Great American Outdoors Group,

LLC will not produce documents in response to this request.

21. Documents sufficient to identify the name, title, and contact information for each

corporate employee responsible for establishing, reviewing, or approving loss prevention

policies.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request because it is vastly

overbroad and calls for materials unrelated to this matter as it is not limited to ammunition.  The

information sought is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.  For instance, this request asks for documents and/or information on "corporate

employee responsible for establishing, reviewing, or approving loss prevention policies,"

125231636.1

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

regardless of department or merchandise category.  Thus, as an example, this request

encompasses documents and/or information on corporate employees responsible for establishing,

reviewing, or approving loss prevention policies of fishing reels and rods, tackle boxes, lures,

kayaks and canoes, life jackets, chairs, tents, sleeping bags, bikes, generators, clothing, shoes,

etc.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as

unenforceable and overbroad to the extent it seeks documents and information relating to non-

residents who are employed outside of Delaware, may have never even stepped foot in Delaware,

and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In

addition, this request is overbroad because it seeks documents located outside of Delaware.

Thus, this request seeks documents and/or information that is outside the scope of the powers,

duties, and legal authorities of the DOJ.

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.

125231636.1

50

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

22. Documents sufficient to identify the name, title, and contact information for each

corporate employee responsible for establishing, reviewing, or approving ammunition sales

policies and practices.

**RESPONSE:**  The Great American Outdoors Group, LLC incorporates its General

Objections herein by reference.  The Fraud and Consumer Protection Division of the Department

of Justice of the State of Delaware issued the Original Subpoena on February 15, 2023.  In

response, Great American Outdoors Group, LLC provided initial objections to the Original

Subpoena on March 2, 2023, which are incorporated herein by reference.  Upon receiving these

objections, the Fraud and Consumer Protection Division of the Department of Justice of the State

of Delaware issued the Revised Subpoena on March 3, 2023.  Thereafter, by letter of March 17,

2023, Great American Outdoors Group, LLC renewed the objections lodged in its March 2, 2023

letter with respect to the Revised Subpoena and added additional objections, which are

incorporated herein by reference.

Great American Outdoors Group, LLC objects to this request to the extent the DOJ is

seeking documents under 10 *Del. C.* § 3930, the enforceability of which is currently being

challenged in *National Shooting Sports Foundation v. Jennings*, C.A. No. 1:22-cv-01499-RGA

(D. Del.).  Moreover, Great American Outdoors Group, LLC objects to this request to the extent

the DOJ is seeking documents under 10 *Del. C.* § 3930 because the U.S. District Court for the

District of New Jersey recently issued a decision in *National Shooting Sports Foundation v.

Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023) (the "New Jersey P.I. Decision"), in which the

court preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a New Jersey statute that is

substantially similar to 10 *Del. C.* § 3930, and the U.S. Third Circuit Court of Appeals will hear

125231636.1

51

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

an expedited appeal of the New Jersey P.I. Decision.  Great American Outdoors Group, LLC

further objects to this request on the grounds that it is harassing and unduly burdensome,

particularly given that the enforceability of 10 *Del. C.* § 3930 is currently being challenged, the

District of New Jersey preliminarily enjoined enforcement of N.J.S.A. 2C:58-35, a substantially

similar statute, and the Third Circuit will hear an expedited appeal regarding the enforceability of

N.J.S.A. 2C:58-35.

Great American Outdoors Group, LLC further objects to this request as overbroad

because it asks for documents and/or information from January 1, 2018 to the present, even

though the effective date of 10 *Del. C.* § 3930 is June 30, 2022.  Thus, this request seeks

information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit.

Great American Outdoors Group, LLC does not maintain a corporate headquarters in the

State of Delaware. Thus, Great American Outdoors Group, LLC further objects to this request as

unenforceable and overbroad to the extent it seeks documents and information relating to non-

residents who are employed outside of Delaware, may have never even stepped foot in Delaware,

and are not officers or directors of Delaware entities subject to Delaware jurisdiction.  In

addition, this request is overbroad because it seeks documents located outside of Delaware.

Thus, this request seeks documents and/or information that is outside the scope of the powers,

duties, and legal authorities of the DOJ.

125231636.1                                    52

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

Based on the foregoing general and specific objections, Great American Outdoors

Group, LLC will not produce documents in response to this request.


DATED:  June 6, 2023                          LEWIS BRISBOIS
                                                          BISGAARD & SMITH LLP

                                                  /s/ Francis G.X. Pileggi
                                                  Francis G.X. Pileggi (No. 2624)
                                                  Karen R. Poppel (No. 5373)
                                                  500 Delaware Ave., Suite 700
                                                  Wilmington, Delaware 19801
                                                  Phone: (302) 655-6000
                                                  Francis.Pileggi@LewisBrisbois.com
                                                  Karen.Poppel@LewisBrisbois.com

                                                  *Attorneys for Respondent Great American*
                                                  *Outdoors Group, LLC*

125231636.1

**EFiled:  Jun 23 2023 01:54PM EDT**
**Transaction ID 70247906**
**Case No. N23M-06-118**

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, *ex rel.* | ) | |
| KATHLEEN JENNINGS, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | C.A. No. _____ |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CABELA'S INC., BPS DIRECT, LLC | ) | |
| (d/b/a BASS PRO SHOPS), GREAT | ) | |
| OUTDOORS GROUP, LLC, and | ) | |
| GREAT AMERICAN OUTDOORS | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| *Respondents.* | ) | |

## NOTICE OF HEARING

Petitioner the State of Delaware's Motion to Enforce Subpoena Duces

Tecum has been set for hearing on Friday, August 11, 2023 at 1:30 p.m.

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

DELAWARE DEPARTMENT OF JUSTICE

*/s/ Owen P. Lefkon*

Owen P. Lefkon (#5672)
Christian Douglas Wright (#3554)
Evelyn H. Brantley (#3380)
Deputy Attorneys General
820 N. French Street
Wilmington, DE  19801
(302) 683-8851

*Attorneys for State of Delaware,* ex rel.
*Kathleen Jennings, Attorney General of the
State of Delaware*

Dated: June 23, 2023

2

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* ) <br> KATHLEEN JENNINGS, Attorney ) <br> General of the State of Delaware, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> CABELA'S INC., BPS DIRECT, LLC ) <br> (d/b/a BASS PRO SHOPS), GREAT ) <br> OUTDOORS GROUP, LLC, and ) <br> GREAT AMERICAN OUTDOORS ) <br> GROUP, LLC, ) <br> ) <br> *Respondents.* ) | C.A. No. _____ |

## NOTICE OF SERVICE

The undersigned hereby certifies that Petitioner the State of Delaware's

Motion to Enforce Subpoena Duces Tecum, Proposed Order, and Notice of

Hearing have been served upon counsel of the Respondents by U.S. Mail first

class, postage pre-paid and by email as set for below on this the 23rd day of June,

2023:

Francis G.X. Pileggi
Karen R. Poppel
Lewis Brisbois Bisgaard & Smith, LLP.
500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
Francis.Pileggi@LewisBrisbois.com
Karen.Poppel@LewisBrisbois.com

EFiled:  Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

DELAWARE DEPARTMENT OF JUSTICE


*/s/ Owen P. Lefkon*
Owen P. Lefkon (#5672)
Christian Douglas Wright (#3554)
Evelyn H. Brantley (#3380)
Deputy Attorneys General
820 N. French Street
Wilmington, DE  19801
(302) 683-8851

*Attorneys for State of Delaware,* ex rel.
*Kathleen Jennings, Attorney General of the*
Dated: June 23, 2023    *State of Delaware*

EFiled: Jun 23 2023 01:54PM EDT
Transaction ID 70247906
Case No. N23M-06-118

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.*    )
KATHLEEN JENNINGS, Attorney    )
General of the State of Delaware,    )
    )    C.A. No. _____
    *Petitioner*,    )
    )
v.    )
    )
CABELA'S INC., BPS DIRECT, LLC    )
(d/b/a BASS PRO SHOPS), GREAT    )
OUTDOORS GROUP, LLC, and    )
GREAT AMERICAN OUTDOORS    )
GROUP, LLC,    )
    )
    *Respondents*.    )

## [PROPOSED] ORDER

This matter having come before the Court upon Petitioner the State of

Delaware's Motion to Enforce Subpoena Duces Tecum and the same having been

heard and with good cause found, the Respondents are hereby ordered to produce

all non-privileged responsive documents as demanded by the subpoena duces

tecum issued on March 3, 2023 within ten (10) days of the date of this Order.

DONE and ORDERED this the _____day of _____, 2023.

_____
Superior Court Judge