## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| STATE OF DELAWARE, ex rel. KATHLEEN JENNINGS, Attorney General of the State of Delaware,<br><br>    Petitioner,<br><br>  v.<br><br>CABELA'S INC., BPS DIRECT, LLC (d/b/a BASS PRO SHOPS), GREAT OUTDOORS GROUP, LLC, and GREAT AMERICAN OUTDOORS GROUP, LLC,<br><br>    Respondents. | Civil Action No. 23-790-RGA |

<u>MEMORANDUM</u>

Before me is Petitioner's Motion to Remand its Motion to Enforce a Subpoena Duces

Tecum to the Delaware Superior Court. (D.I. 6). Petitioner – the State of Delaware – also moves

for reasonable costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). The motion has been

fully briefed, and I have considered the parties' briefing. (D.I. 6, 7, 8). For the reasons set forth

below, the motion to remand and the request for reasonable costs and attorney's fees are

GRANTED.

As part of an investigation into the storage and loss prevention policies of Respondents,

the Delaware Department of Justice (DOJ) issued a subpoena duces tecum to Great American

Outdoors Group, LLC. (D.I. 1-1 Ex. B to Ex. 3). That subpoena stated it related to "possible

violations of 10 *Del. C.* §3930 and/or other laws." (*Id*.). The DOJ later filed a revised subpoena

which included as "possible violations" "10 *Del. C.* §3930, 10 *Del. C.* ch. 71, 11 *Del. C.* §§ 603,

604, 1301, and 1322, and/or other laws." (D.I. 1-1 Ex. C to Ex. 3). The State filed a motion to

1

enforce the subpoena in the Delaware Superior Court. (D.I. 1-1 Ex. 3). On July 21, 2023, Respondents, citing 28 U.S.C. § 1331, removed the motion to enforce to this Court. (D.I. 1). On August 8, 2023, the State filed a motion to remand the case to the Delaware Superior Court. (D.I. 6).

## I.    LEGAL STANDARD

Upon removal of an action to federal court, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Removal provisions "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

"Our Constitution divides powers between the national government and the states. Powers not delegated to the national government remain with the people in the states." *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 400 (3d Cir. 2021). "Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to federal court only if the plaintiff could have originally filed the action in federal court. If the parties are not diverse, the complaint must satisfy federal-question jurisdiction. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)." *Maglioli*, 16 F.4th at 406 (some citations omitted). Federal question jurisdiction grants the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the well-pleaded-complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Maglioli*, 16 F.4th at 406 (quoting *Caterpillar,* 482 U.S. at 392).

There are two doctrines that can constitute an exception to the well-pleaded-complaint rule.

The first is a "slim category" of cases in which federal law is embedded in a state law claim. *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Under *Grable*, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Grable*, 545 U.S. at 313-314.

The second involves "federal defenses." A federal defense "ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). There is a limited exception—"if the federal statute wholly displaces the state-law cause of action through complete preemption," then a preemption defense satisfies the well-pleaded complaint rule. *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 407 (3d Cir. 2021) (internal citation omitted).

"The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

3

## II.   DISCUSSION

### A.  Motion to Remand

Respondents removed the motion to enforce to federal court on one basis—that, under *Grable,* there is federal question jurisdiction. (D.I. 1 at 3-10).

The State asserts, and Respondents do not dispute, that there is no federal question on the face of the motion to enforce or on its underlying subpoena. (D.I. 6 at 6, D.I. 7 at 5-10). The State argues that there is no other basis for federal question jurisdiction. (D.I. 6).

Respondents now assert four grounds for federal question jurisdiction. First, they argue there is federal question jurisdiction because the Protection of Lawful Commerce in Arms Act (PLCAA), 15 U.S.C. § 7901, is an embedded federal question that meets the *Grable* exception. (D.I. 7 at 5, citing *Grable*, 545 U.S. at 314). Second, they argue there is federal jurisdiction because the PLCAA completely "displace[s]" the state law cause of action through "complete preemption." (D.I. 7 at 6-7, citing *Maglioli*, 16 F.4th at 407). Third, they argue whether the subpoena is reasonable under the Fourth Amendment is an embedded federal question creating federal question jurisdiction under *Grable*. (D.I. 7 at 7). Fourth, they argue the subpoena is brought pursuant to 10 *Del. C.* §3930, which is challenged as unconstitutional in another case pending before this court. (D.I. 7 at 2).

The *Grable* exception does not apply in this case. The PLCAA is not necessarily raised by the motion to enforce. "The PLCAA provides that a 'qualified civil liability action may not be brought in any Federal or State court,' which includes an action brought against a manufacturer or seller of [a firearm or ammunition] 'for damages, punitive damages, injunctive or declaratory relief, abatement...resulting from the criminal or unlawful misuse of the [firearm or ammunition] by the person or a third party.'" *Summers v. Cabela's Wholesale, Inc.*, 2019 WL 1423095, at *3

4

(Del. Super. Ct. Mar. 29, 2019); 15 U.S.C. §§ 7901–7903. As previously noted, for the *Grable* exception to apply, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Grable*, 545 U.S. at 314. For the federal issue to be "necessarily raised," the Plaintiff must need to "win on an issue of federal law" to "prove some *element* of a state-law claim." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 709 (3d Cir. 2022). The State can enforce its revised subpoena without needing to prove any question of federal law as an element of its case. The underlying subpoena is issued pursuant to the authority of state law: *29 Del. C.* §§ 2504(4) & 2508(a). (D.I. 1-1 Ex. C to Ex. 3). The investigation is solely regarding possible civil and criminal violations of state law: *10 Del. C.* § 3930, *10 Del. C.* ch. 71, *11 Del. C.* §§ 603, 604, 1301, and 1322. (D.I. 1 Ex. 3). Respondents do not describe any issue of federal law Plaintiff must win to prove any element necessary to the enforcement of the subpoena. (*See* D.I. 7).

Respondents argue that the court's construction of the PLCAA is essential because if it applies, the court would be required to dismiss the case. (*Id*. at 7). I disagree; this argument has no connection to the necessity requirement of *Grable*. Respondents do not argue an element of any of the sections of the Delaware code cited above requires any proof relating to the PLCAA.

At best, the PLCAA is a federal defense Respondents may raise in support of their opposition to the motion to enforce the subpoena. "Ordinarily, a case may not be removed on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Respondents argue that the PLCAA completely preempts the state-law and thus falls under the complete preemption

exception. (D.I. 7 at 6-7). "[I]f the federal statute wholly displaces the state-law cause of action through complete preemption," then a preemption defense satisfies the well-pleaded complaint rule. *Maglioli*, 16 F.4th at 407.

Respondents argue the PLCAA fully preempts the state law claims cited by the revised subpoena. (D.I. 7 at 6-7). They argue that the initial issue is federal: whether the State's action (which they seem to characterize as some eventual litigation relying upon § 3930, rather than the actual litigation—seeking enforcement of a subpoena) is a "qualified civil liability action" under the PLCAA and thus must be dismissed. (D.I. 7 at 8-9). The issue before me is whether making this argument supports federal jurisdiction. *Maglioli* is instructive. In that case, the Third Circuit decided the PREP act did not wholly preempt Plaintiff's negligence claims against a nursing home, because the PREP act granted exclusive federal jurisdiction only over claims involving willful misconduct. *Maglioli*, 16 F.4th at 410. Here, the inquiry is whether the State's claims[1] fall within the scope of the PLCAA.

The State argues that the motion to enforce the subpoena falls outside the scope of the PLCAA because a motion to enforce a subpoena is not a qualified civil liability action. (D.I. 6 at 11). The State contends that the PLCAA only applies to civil liability actions. *Id.* The State argues that a motion to enforce a subpoena does not fit the PLCAA's definition of a qualified civil liability action because it is not an action "for damages, punitive damages, injunctive or declaratory relief, abatement...resulting from the criminal or unlawful misuse of the [firearm or ammunition] by the person or a third party." *Summers*, 2019 WL 1423095 at *3; 15 U.S.C. §7901-7903. First, the State contends that the motion to enforce the subpoena is not an action for

---

[1] Four of the statutes cited in the subpoena are crimes. So to the extent Respondents are relying upon the statutes cited in the subpoena as being "qualified civil liability actions," they are, among other things, not "civil."

6

damages or injunctive relief. (D.I. 6 at 12). Second, the State argues that the motion to enforce the subpoena does not allege harms resulting from misuse of a firearm or ammunition. *Id.* I agree with the State. The motion to enforce the subpoena is a motion asking for Respondents to turn over business records and information pertaining to ammunition storage and loss prevention policies. (D.I. 1 Ex. 3). It does not fall under the PLCAA. There is no complete preemption by the PLCAA, and therefore there is no federal jurisdiction.

In one sentence of their brief, Respondents argue that whether the revised subpoena is reasonable under the Fourth Amendment is substantial under *Grable*. (D.I. 7 at 7). The State contends that the reasonableness of the subpoena under the Fourth Amendment is a federal defense. (D.I. 6 at 9-10). I agree with the State. The Fourth Amendment is not an element of any state law claims or the motion to enforce the revised subpoena. Federal defenses are not sufficient to support federal jurisdiction. *Caterpillar v. Williams*, 482 U.S. at 393. Respondents' Fourth Amendment argument is a non-starter.

Respondents argue that the constitutionality of 10 *Del. C.* § 3930, one of the statutes underlying the subpoena, is being challenged in this court. (D.I. 7 at 8). So it was at the time Respondents filed their brief, but I soon thereafter dismissed that case without prejudice for lack of Article III standing. *National Shooting Sports Foundation v. Jennings*, 2023 WL 5835812 (D. Del. Sept. 8, 2023).

Respondents contend the subpoena is effectively based only on 10 *Del. C.* § 3930, because the other referenced statutes are superfluous. (D.I. 7 at 1-2). Though Respondents' challenge to the constitutionality of 10 *Del. C.* § 3930 has been dismissed, I presume they are arguing that the constitutionality of 10 *Del. C.* § 3930 is an embedded federal issue in the State's motion to enforce the subpoena. The State responds that the subpoena is not based only on 10

*Del. C.* § 3930, and even if it were, a challenge to the constitutionality of 10 *Del. C.* § 3930 would still not be enough for federal jurisdiction. (D.I. 6 at 9). The State argues that there are five other possible violations of Delaware state law supporting the Subpoena, and the Subpoena could be enforced without reference to 10 *Del. C.* § 3930. *Id.* The State cites *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 (4th Cir. 2004): "[I]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." "[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988)). I agree with the State. The motion to enforce and the revised subpoena are based on alternate theories that do not require an interpretation of federal law. The challenge to the constitutionality of 10 *Del. C.* § 3930 does not confer federal jurisdiction over the motion to enforce the revised subpoena.

This case will be immediately remanded to the Delaware Superior Court.

### B.  Reasonable Costs and Attorney's Fees

The State asks for reasonable costs and attorney's fees incurred as a result of Respondents' removal of this action. (D.I. 6 at 14). Without much detail, Respondents argue this case was reasonable to remove on the merits of the claim. They oppose the request for fees. (D.I. 7 at 9). In support, Respondents cite *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 135 (2005). In that case, the Supreme Court affirmed that the grounds for removal were reasonable, because defendants had relied on precedent that was sound at the time to calculate the amount in controversy. *Id*. at 134. *Martin* is not relevant to determining if Respondents had an objectively reasonable basis for removal. Here, the precedent Respondents rely on is sound. The question is

whether they had an objectively reasonable basis for thinking the facts and circumstances corresponded to any of that precedent.

The State contends there was no objectively reasonable basis for removal. (D.I. 6 at 14). The State argues it is obvious that the Fourth Amendment argument is a federal defense not subject to *Grable*. (D.I. 6 at 15). I agree with that. The State argues that 10 Del. C. § 3930 was one of six statutes cited by the subpoena, and even if the PLCAA preempted § 3930, it would still be a federal defense insufficient for federal jurisdiction. *Id.* It is true, as the State argues, that Respondents do not engage with three out of the four prongs of *Grable*. (D.I. 8 at 7). I agree with the State that Respondents do not respond to the argument that the motion to enforce the subpoena is not a "qualified civil liability action" under the PLCAA. (D.I. 8 at 7).

Respondents lacked an objectively reasonable basis for removal. None of Respondents' arguments come close to meeting *Grable*. It should have been obvious that the PLCAA does not apply to this case as there is no qualified civil liability action. It is clear the Fourth Amendment argument would be a federal defense and not the basis of federal jurisdiction. There was no basis to remove the case. I therefore grant the State's request for reasonable costs and fees.

The parties are to meet and confer about attorney's fees and costs. I encourage them to come to an agreement on an appropriate amount. If they cannot, they are to submit a proposed schedule for resolving that issue. I will retain jurisdiction to resolve that issue.


 /s/ Richard G. Andrews
United States District Judge